No. 8842.

GOUGH v. CLIFT ET AL.

VOLUNTARY ASSIGNMENT.—*Mortgage.*—*Married Women.*—*Equity of Redemption.*—A husband and wife joined in a mortgage of the husband's lands to secure his debt, and afterwards he made a voluntary assignment for the benefit of his creditors, under the statute, R. S. 1881, sections 2662 to 2683,

a large amount of personal property passing by the assignment. The trustees did not pay off the mortgage, and after a foreclosure and sale of the land under it, they sold the land subject to the mortgage, and the purchaser of the equity of redemption by arrangement with the purchaser at the foreclosure sale, at the instance of the trustees, did not redeem, but took a conveyance from the latter.

*Held*, that the trustees were not bound to pay off the mortgage or to redeem, and that the wife had no action against them for the proceeds of the sale by them, or otherwise.

From the Wayne Circuit Court.

*C. H. Burchenal*, for appellant.

*H. C. Fox*, for appellees.

MORRIS, C.—The appellant brought this suit against the appellees as the assignees of her husband, Charles T. Gough. The facts stated in her complaint are as follows:

On the 28th day of April, 1874, the appellant was, and still is, the wife of said Charles T. Gough; on that day, he was the owner of certain real estate in fee simple, situate in Henry county, Indiana, and he and the appellant as his wife executed a mortgage on the same to one Enoch Nation, to secure money borrowed of him by said Charles; on the 12th day of November, 1874, the said Charles and the appellant executed to said Nation another mortgage on said real estate, to secure the payment of a further loan made by said Charles of said Nation. It is averred that the appellant joined in said mortgages only as the surety of her husband; that the mortgages were duly recorded in Henry county, within forty-five days from the time of their execution.

On the 4th day of March, 1875, the said Charles T. Gough, being in failing circumstances, and a resident of Wayne county, Indiana, executed to the appellees an assignment of all his property, real and personal, including the land in Henry county, upon which said mortgages had been executed for the benefit of his creditors; that the assignment was duly filed and recorded in the counties of Wayne and Henry, and that the appellees had given bond and qualified according to law, and entered upon the discharge of their duties as such

assignees; that personal property to the amount of more than $20,000 came into the hands of the appellees as such assignees of said Charles T. Gough, yet they did not pay said mortgages, nor either of them, nor any part thereof, although the mortgaged premises were worth $2,000 over and above the amount of said mortgage debts; that they negligently suffered said mortgage debts to remain unpaid, until the same became due; that said Nation brought suit in the Henry Circuit Court to foreclose said mortgages, making the appellant and the appellees parties; that on the 17th day of September, 1875, said Nation recovered in said action a judgment for $5,307.29, and a decree for the foreclosure of said mortgages; that said premises were, on the 13th day of November, 1875, duly sold by the sheriff of Henry county, by virtue of a certified copy of said decree, to the said Nation, for the sum of $5,504.90; that a certificate of purchase was duly delivered by said sheriff to said Nation for said land.

The appellees, as such assignees, failed to redeem said mortgaged premises from said sale, although they had, as such assignees, in their hands, $20,000 of assets; that said land was worth $2,000 over and above the purchase-money paid for the same by said Nation; that on the third day of June, 1876, having given due notice of the time and place of sale, the appellees proceeded to offer said land for sale, publicly announcing to those present, that said land was to be sold subject to said mortgages and said foreclosure sale, and that the purchaser must redeem the same from such sale; that the appellant had no interest in said premises, and that the same would be sold free from all claims in or to the same on her part as the wife of said Charles T. Gough; that one Axiom S. Elliott, on the faith of the representations made by the appellees, purchased said land for $1,165, which sum was paid to and received by them; that the appellees agreed to execute to said Elliott a deed for said land as soon as the sale should be approved by the proper court; that said sale was reported to the proper court, approved and ratified, and the appellees em-

powered to execute a deed to the said Elliott, who was to redeem said land; that the appellant was at once informed of said arrangement to redeem, and, relying upon it, took no steps himself to redeem said land; that the appellees did not execute a deed to Elliott as directed, but instead of so doing, for the purpose of defeating the appellant's claim to any interest in said land, the appellees omitted to make said deed, and allowed and procured the said Elliott to omit redeeming said land from said sheriff's sale, but to make an arrangement with the purchaser at said sheriff's sale by which the year allowed by law for the redemption of said land from said sale should expire, and that the purchaser at the sheriff's sale should take a deed from the sheriff, and then convey to said Elliott, all of which was done accordingly, and the said Elliott became the owner of said land.

It is further stated, that at the time the appellees sold said land, the right and equity of redemption held in the same by them was of no value whatever, and could not have been sold for anything, had it not been for the representations of the appellees that the appellant had no right to or interest in the same; that her interest in said land was of greater value than the $1,165 realized by the appellees from the sale of the same; that she had an inchoate interest in said land, being one-third thereof in fee, which was in no way incumbered otherwise than by said mortgages; that the appellees had colluded with Elliott and others to defeat the appellant's rights; that she had demanded of the appellees the amount received by them for the sale of said land, but that they refused to pay it to her.

The questions arising in this case are of considerable importance, and involve some difficulty. They have been ably discussed by counsel on both sides.

The premises mortgaged to Nation have been twice sold, once to Nation for $5,504.90, paying his mortgages and the debts secured thereby, and the cost of foreclosure and sale. They were also sold by the appellees for $1,165. The mortgaged

premises have, therefore, produced $6,669.90, being $1,165 more than sufficient to pay the mortgage debts. Had Nation bought the mortgaged lands for $6,669.90, and no assignment had been made by Charles T. Gough to the appellees, to whom would the $1,165, the surplus of the proceeds of the sale, belong, to Charles T. Gough, the husband, or to the appellant? Upon what possible ground could the appellant claim this surplus as against her husband? Not simply because she was his wife, for as such, as a general rule, she could not claim anything; she could not, as his wife, assert her interest in his estate until his death; nor could she claim such surplus under the act of March the 11th, 1875, for, by its terms, it does not apply to judicial sales in which the wife's inchoate interest is directed to be sold by the judgment or decree upon which the sale takes place; nor, should we go further, and regard the surplus as real estate, as a part of the mortgaged land, could the appellant claim it. She could not, as we have seen, claim it under the act of 1875, for by the decree her inchoate interest in the land was directed to be sold; she could not claim it simply as the wife of Charles T. Gough, for, as such, as before stated, her right attaches only at his death.

Charles T. Gough transferred all his interest in the mortgaged lands to the appellees for the benefit of his creditors. He also transferred to them, as is alleged in the complaint, some $20,000 or more of personal assets, for the same purpose. It is earnestly insisted by the appellant's counsel, that it was the duty of the appellees to pay off the debts due from their assignor to Nation, redeem the mortgaged premises and protect the appellant as the surety of her husband, Charles T. Gough.

Whether or not the appellant, under the circumstances stated in the complaint, could be regarded, or rather, whether her inchoate interest in her husband's lands could be regarded, as surety for her husband, may be quite doubtful. The authorities are not in entire harmony upon the question. See on the one side, *Hawley* v. *Bradford*, 9 Paige, 200; *Jenness* v. *Cutler*,

12 Kansas, 500; Brandt Suretyship, p. 29. On the other, *Dawson* v. *Bank of Whitehaven,* 20 Moak's Eng. R. 805; *Drew* v. *Lockett,* 32 Beav. 499. But in all the cases the wife sought relief after the death of the husband. In the view which we have taken of this case, it is not necessary to, nor do we, decide the question.

We know of no rule of law which required the appellees to redeem the land mortgaged by Charles T. Gough and the appellant to Nation, for her benefit. She was not one of the creditors of Charles T. Gough, nor did she become entitled to any of the assets assigned to the appellees by her husband, upon the sale of her inchoate interest in his land upon a decree foreclosing the mortgages executed by her and him to secure his debt. The assignees could not pay to her, under such circumstances, any of the funds in their hands. If not required to pay the creditors of the husband, the fund should be paid to him. They were, therefore, under no obligations to the appellant to redeem from said mortgages. It was their duty to the creditors, not to the appellant, to manage the estate to the best advantage for them. If they failed in this, the creditors or the assignor might complain.

Section 13 of the act in relation to voluntary assignments is as follows:

"Any part of the property assigned on which there are liens or encumbrances, may be sold by the trustee, subject to such liens or encumbrances; but in case the trustee should be satisfied that the general fund would be materially increased by the payment of such liens or encumbrances, he shall make application by petition, to the judge of the common pleas court, for leave to so do, and abide its order in that behalf. Before the holder of any lien or encumbrance shall be entitled to receive any portion of his debt out of the general fund, he shall proceed to enforce the payment of his debt by sale, or otherwise, of the property on which such lien or encumbrance exists; and for the residue of such claim, such holder of such lien or

encumbrance shall share *pro rata* with the other creditors, if entitled so to do by the laws of this State."

This provision not only authorizes the assignée or trustee to sell, subject to existing liens, any of the assigned property, but forbids him, except by the direction of the court upon petition, from discharging such liens. It also requires the holder of such liens or encumbrances to exhaust the same, if the debt is not paid by the assignee upon the direction of the proper court, before he can share in the trust fund. Nor is the fund in the hands of the trustee required to be applied in discharge of·mortgages upon the trust property for the protection of the interest of the assignor's wife in the property, as is the personal property of a deceased husband, for the obvious reason that, in the former case, the husband is still living. We do not think section 109, 2 R. S. 1876, p. 534, applies to voluntary assignments, for this reason: the case of *Morgan* v. *Sackett,* 57 Ind. 580, and other similar cases, are not, we think, applicable to this case.

After the foreclosure and sale of the mortgaged premises, the appellees, as trustees for the creditors of Charles T. Gough, had the right, by virtue of the assignment made to them by said Gough, to redeem from such foreclosure sale, or they might, as they did, sell to another the right to redeem. This they did, but they could only sell the right transferred to them by their assignor. They could not sell any right which the appellant might have had to redeem. Nor could any representations made by them to the purchaser, whether true or false, affect in any way her rights. She was not a party to such proceedings and could not be bound by them. Nor would any representations made by the appellees to Elliott, the purchaser of the right to redeem, create any duty or impose any obligation upon the appellees as to the appellant. If she relied to her prejudice upon anything which they may have said to Elliott, and not to her, she is, we think, without remedy.

Though the appellees had the right to redeem from the

Gough *v.* Clift *et al.*

sheriff's sale to Nation, or to sell the right to redeem, yet, neither they nor their vendee were obliged to redeem; nor did either redeem from said sale. By the sale to Nation, the appellant's interest in the land passed to him, subject only to the right of redemption. It was not redeemed, but, at the expiration of the year allowed for redemption, the land was conveyed to him by the sheriff. It follows that the appellant has no interest, legal or equitable, in the funds in the hands of the appellees. There was no error in sustaining the demurrer to the complaint.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.

## ON PETITION FOR A REHEARING.

MORRIS, C.—The appellant asks a rehearing in the case, on the ground that since the opinion was filed this court has held, in the case of *Lawson* v. *DeBolt*, 78 Ind. 563, a sale made by the assignee of a failing debtor is a judicial sale. The only interest which the assignor Gough had in the real estate transferred to his assignees was the right to redeem the same from the sheriff's sale made on mortgages executed by him and the appellant as his wife to one Nation. It was this right to redeem which passed by the assignment to the assignees of Charles T. Gough. It passed to them as fully and completely, and to the same extent, as it would have passed by his deed of the land to any one else. In this right of redemption the appellant had no right or interest. His deed alone conveyed his right to redeem. If the appellant had, after the sheriff's sale, any right in the land sold, it was the right to redeem. If she had such right, and we concede that she had, it did not pass by the assignment to the appellees; it continued in her. As assignees of Charles T. Gough, the appellees could not sell any right or interest which the appellant had in said land, and, if they attempted to do so, her rights were not affected in any way. All that the appellees could sell as such as-

signees was the interest of their assignor; that they could sell, and the proceeds of such sale belonged to them as the trustees of the assignor's creditors, and not to the appellant.

In no case can the assignees of the husband dispose of the interest which the wife may have in his real estate. They sell the interest conveyed to them by the husband—nothing else, and upon the proceeds of such sale the assignor's wife can have no claim.

If it is said that equity will regard the proceeds of the sale as standing for the land or right sold, the question again arises, what was sold? Had the assignees made the sale six months before the expiration of the time allowed for redemption, could not the appellant have redeemed from the sheriff's sale to Nation? Had the sale made by them produced $10 instead of $1,165, would that have taken from the appellant her right to redeem from the sale to Nation? If she can claim the fund in controversy, it must be for the reason that the sale made by the appellees passed her inchoate interest in the land to Elliott, the purchaser. We think the sale could not have this effect, and for this reason we also think the question as to the rights of married women, under the act of 1875, is not involved in the case.

PER CURIAM.—The petition for a rehearing is overruled.