No. 7342.

## Thompson et al. *v.* Pershing et al.

Practice.—*Rules of Court.—Change of Venue.—Judge.*—A rule of court requiring applications for change of venue to be made by the second Tuesday of the term, unless cause be shown for delay, is valid, and applies where the application seeks a change from the judge.

SAME.—*New Trial.—Causes Discovered After Term.*—There can be no error in dismissing an application for a new trial under section 563, R. S. 1881, which shows no cause for a new trial.

SAME.—*Motion to Strike Out Amended Complaint.*—Where a demurrer has been sustained to a complaint for a new trial under section 563, R. S. 1881, there is no error in striking out an amended complaint afterwards filed containing the same facts.

ATTORNEYS.—*Power to Bind Client.—Judgment.*—An attorney has, by virtue of his employment in a cause, such power to agree to the entry of a judgment, that his client will be bound thereby, and if, in doing so, he violate instructions, he will be responsible to the client.

From the Marshall Circuit Court.

*M. A. O. Packard, O. M. Packard* and *J. D. McClaren,* for appellants.

*W. B. Hess, A. Johnson* and *H. Corbin,* for appellees.

MORRIS, C.—Alexander C. Thompson, Lawrence Shakes, David K. Harris, James V. Bailey, Samuel Wise, George W. Carlisle and Hiram C. Burlingame filed their complaint in the Marshall Circuit Court, on the 4th day of May, 1877, against Hezekiah R. Pershing, James F. Vanvalkenburgh, William C. Edwards, Hugh Jackman, Philip S. Alleman, Napoleon B. Alleman and Lewis C. Fink, for the purpose of obtaining, as the appellants insist, a new trial in a cause in which a judgment was rendered in said court on the 3d day of April, 1877, in favor of the appellee Pershing, as trustee of Center township, Marshall county, Indiana, against the appellants and the appellees, except Pershing and William C. Edwards, on the official bond of said Edwards, as the former trustee of said township.

It appears that a demurrer was sustained to the appellants' first complaint. They amended, and a demurrer was sustained to the amended complaint. On the 8th day of March, 1878, the appellants filed a second amended complaint. The appellees filed a motion to dismiss the second amended complaint, for the reasons, as stated in the motion, " that, on the fourth day of May, 1878, the plaintiffs filed a complaint in this action upon the same grounds, and asking the same relief

as now asked in this proceeding; that a demurrer was filed to said complaint, and, on hearing of the same, this court sustained said demurrer; that an amended complaint was filed by the plaintiffs on the 7th day of September, 1877; that a demurrer was filed by the defendants to said amended complaint, and on the 5th day of the present term sustained; that on the 8th day of the present term a second amended complaint was filed, which the defendants now move to dismiss, the facts having been twice adjudicated by the court. *Second.* Because said petition does not state facts sufficient to grant the relief prayed for."

The appellants Shakes and Bailey, on behalf of all the appellants, upon affidavit in due form, applied for a change of venue from the judge of said court. The court overruled the motion for a change of venue, on the ground that the application was made after the expiration of the time limited by the rules of the court for making such motions. And thereupon the court sustained the appellees' motion to dismiss the appellants' complaint, and rendered final judgment for the appellees.

The errors assigned question the rulings of the court upon the motion for a change of venue and upon the appellees' motion to dismiss the complaint.

Did the court err in overruling the motion for a change of venue? The rule of the court regulating applications for changes of venue is as follows:

"*Fourth.* All applications for continuance, change of venue or any other delay of a case, must be made by the second Tuesday of the term, or showing good cause in writing for the delay if made thereafter, which must accompany the application."

The application was made on the forty-second day of the term, after the second Tuesday of the term, and no showing for the delay accompanied the application.

The appellants insist that the circuit courts of the State have

no authority to adopt rules regulating the disposition of business in said courts upon any subject upon which the Supreme Court has not adopted rules.   They rest this conclusion on sec. 14, p. 9, 2 R. S. 1876, which provides that " the rules of such court shall be in conformity with those prescribed by the Supreme Court on the same subject;" that, as the Supreme Court has adopted no rule upon the subject of the change of venue, the circuit courts have no power to adopt rules upon that subject.

We think the appellants' construction of the statute untenable.   The statute confers the power upon circuit courts to adopt rules in relation to the business of such courts generally. The only limitation upon this general power is that they shall not be repugnant to the laws of the State, and that they shall be in conformity with the rules of the Supreme Court upon the same subject.   Obviously, the statute only requires the rules of the circuit court to conform to those of the Supreme Court upon subjects upon which the latter court has adopted rules.  If, as the appellants say, the Supreme Court has adopted no rule in relation to changes of venue, the circuit courts may adopt rules upon that subject without regard to the rules of the Supreme Court.

The appellants also insist that the rule adopted by the court. below is not broad enough to embrace the application made by them for a change from the judge; that the rule only applies to applications for changes of venue from the county. Counsel for the appellants say that the word " venue," in its technical, legal sense, means " neighborhood "; and that it must be understood to have been used in the rule adopted by the court below in its technical sense ; and that the rule, therefore, had no application to changes from the judge.   In this. we think the counsel are mistaken.   They have stated correctly enough the meaning of the word venue, at common law, but the phrase " change of venue " means, as used in the statute, a change from the judge as well as from the county.

Thompson *et al.* v. Pershing *et al.*

2 R. S. 1876, p. 116, sec. 207. And, in this sense, the phrase must be understood to have been used in the rule in question.

As the application for a change of venue was made after the time limited by the rules of the court below, and accompanied by no showing accounting for or explaining the delay, there was no error, we think, in overruling the motion. *Redman* v. *State*, 28 Ind. 205 ; *Galloway* v. *State*, 29 Ind. 442 ; *Reitz* v. *State, ex rel.*, 33 Ind. 187 ; *Bennett* v. *Ford*, 47 Ind. 264.

Did the court err in dismissing the appellants' second amended complaint?

It appears from the record of the original suit in which a new trial is sought, that all the defendants to that suit except Edwards appeared by attorney and jointly answered the complaint of Pershing, admitting the execution of the bond sued on, but denying every other allegation of the complaint, and asking that the question of suretyship be determined. Edwards also answered the complaint. A denial of the several answers by Pershing put the case at issue. It was, by agreement of the parties, submitted to the court for trial. The record states that " after hearing the evidence adduced, the arguments of counsel, and being fully advised, the court finds for the plaintiff, and that all the material allegations of the complaint are true. The court further finds that the defendant William C. Edwards is the principal, and all the other defendants are his sureties, upon the bond sued on, and that there is now due, of principal and interest, on said bond, the sum of $7,148.66."

The evidence upon which this finding was made by the court is not contained in the complaint for a new trial, nor is there anything in the complaint for a new trial which tends to impeach or in any way question the correctness of the above finding of the court. If the complaint is to be regarded as an application for a new trial under section 356 of the code of 1852, 2 R. S. 1876, p. 183, there could hardly be any error in dismissing it. It neither presents nor pretends to present any reason for setting aside this finding of the court.

The language of the record sustaining the motion to dismiss the appellants' complaint is: "The motion to strike out amended complaint is sustained, to which the plaintiffs except."

As we understand the motion to strike out the second amended complaint, one of the reasons upon which it is asked to be done is, that the amended complaint contained the same facts contained in the first and second complaints filed by the appellants for a new trial. The record does not show whether the motion to strike out the second amended complaint was sustained for the above reason, or for the reason that the amended complaint did not contain facts sufficient to entitle the appellants to relief. Assuming that the motion was sustained for the reason first above named, we can not say that the court erred. The original complaint filed for a new trial is not in the record, and for anything that appears in the record the original complaint may have contained the same facts which are alleged in the amended complaint stricken out by the court. Under such circumstances there would be no error in striking out the amended complaint and rendering judgment against the appellants on the demurrer to their original complaint.

After the court had made its general finding in the original action, as above stated, the record stated that William C. Edwards paid into court on his own behalf, to be applied on the principal and interest due upon said bond, the sum of $4,500, which was accepted by the plaintiff Pershing, leaving due on said bond the sum of $2,648.66. The record states that the equitable share due from each of the eleven sureties, the other defendants, is $240.78; that Hugh Jackman, James F. Vanvalkenburgh, Philip S. Alleman and Napoleon B. Alleman come and pay over, to be applied on said bond, the sum of $250 each, leaving $1,813.52 to be paid by the other seven sureties on said bond. The record then states "that by the agreement of all the defendants made in open court, in consideration of the payment of said $4,500 by the defendant William C. Edwards, as aforesaid, the amount above found

due, to wit, $1,813.52, is to be collected first from the surety defendants who had not paid, or, if they failed, from the other sureties, and no judgment is to be rendered against the said Edwards in this action, but that nothing in this agreement or finding should be construed so as to prevent the said sureties each from prosecuting to final judgment against said Edwards any claim or demand he may have on account of payments made on this judgment or the bond upon which it was rendered.   The court further finds that of the above sum found due," etc.   Judgment was rendered in accordance with the finding.

The complaint states that the appellants Shakes and Wise never employed any attorney to appear for them, or either of them, in said action, and it is averred in the complaint that they and the other defendants never authorized any attorney to make any agreement for them in said cause; that the sole object of the defendants to said action, other than said Shakes and Wise, was to secure the entry of a proper judgment in favor of said Pershing as trustee of said township, and against said Edwards as principal, and themselves as his sureties, for the amount due on said bond; that, for this purpose, they employed an attorney to appear for them in said action.   It is averred that said Edwards had real estate in said county and State, upon which any such judgment would operate as a lien, and of sufficient value to pay any sum that might be found due on said bond; that their object was to secure such lien, and thus protect themselves as the sureties of said Edwards, and that they so informed their said attorney; that since the rendition of said judgment said Edwards has disposed of and so encumbered his real estate as that it can not now be made available for their protection; that the agreement, upon which said judgment was rendered, was made by their attorney, and without authority, and in fraud of their rights; that the appellants believed that the amount paid into court by the said Allemans, one of whom is the son-in-law of said Edwards, was furnished to them by said Edwards;

that in this way, and through the exercise of an undue influence by the said Allemans over their said attorney, who was also the attorney of said Allemans, and the aid furnished them by said Edwards, the agreement upon which said judgment was taken was fraudulently made, to the prejudice and injury of the appellants; that the plaintiff in said action, by encouraging, acquiescing in, and accepting and acting upon, said agreement, became a party to said fraud. It is alleged that these facts were not known by appellants until after the adjournment of the term of court at which judgment was taken.

If Shakes and Wise did not employ the attorney who appeared for them, they might, perhaps, in a proper proceeding, have procured a stay of proceedings on said judgment against them, for the purpose of obtaining relief against the same so far as it may have been founded upon the alleged unauthorized agreement. *Wiley* v. *Pratt,* 23 Ind. 628. But the complaint in this case does not present this question for decision. *Kendel* v. *Judah,* 63 Ind. 291.

The allegation in the complaint, that the attorney of the appellant had no authority to make the agreement upon which the judgment was rendered in the original action, must be understood to mean that the appellants had not, in fact, authorized him to make the agreement. But, by employing him to appear for them in the action as their attorney, they did impliedly authorize him to make such agreement. An attorney may, without express authority, bind his client by agreement that judgment may be taken against him, and that, too, though the attorney know that his client has a good defence to said action. If he acts contrary to the express directions of his client, or to his injury, the client must look to the attorney for redress. *Hudson* v. *Allison,* 54 Ind. 215.

We do not think that the facts stated in the complaint for a new trial show that Pershing, the plaintiff in the original action, was guilty of any fraud or of such misconduct as would have justified the court below in granting a new trial, or in

opening up the judgment for the purpose of setting aside the agreement pursuant to which the judgment was rendered. We conclude that there is no available error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the cost of the appellants.