Roberts *v.* Lindley *et al.*

Filed Nov. 8, 1889.

———◆———

No. 13,362.

ROBERTS *v.* LINDLEY ET AL.

DECEDENTS' ESTATES.—*Administrator's Sale.—Agreement of Widow.—Void Sale.*—Where real estate of a decedent, mortgaged to secure debts, is sold by order of the probate court upon application of the administrators, the widow and her children being made parties to the proceeding, the former by an instrument in writing waiving the publication and posting of notice required by statute and assenting to the sale of the whole, upon agreement that one-third of the proceeds should be paid to her, the sale is void, the probate court having exceeded its jurisdiction.

SAME.—*Invalid Order of Sale.—Heirs' Assertion of Title.—Estoppel.*—The right of the heirs to assert title to the undivided one-third of the land is not affected by the invalid order of sale, unless their ancestor, through whom they claim, received the purchase-money, or was estopped to assert title by making the administrators her agents. If she received and retained her share of the purchase-price, the widow, as well as the heirs, would be estopped.

SPECIAL FINDING.—*Venire de Novo.—Informal Motion For.—New Trial—Supreme Court.*—Where the facts found in a special finding, after eliminating the evidence set forth, are wholly insufficient to support any judgment, although the motion for a *venire de novo* is informal, the Supreme Court will order a new trial, to the end that justice may be done.

From the Hancock Circuit Court.

*J. A. New, J. W. Jones* and *L. H. Reynolds,* for appellant.

*E. Marsh* and *W. W. Cook,* for appellees.

MITCHELL, J.—The facts, briefly stated, are that William S. Wood and his wife, Martha A., joined in a mortgage conveying certain real estate, owned by the former, to secure certain debts of the husband. Woods subsequently died leaving his widow and three children as his surviving heirs, and leaving the debts secured by the mortgage above mentioned unpaid. The administrators of his estate applied to the proper probate court for an order to sell the mortgaged real estate for the purpose of making assets to pay the debts secured by the mortgage. The widow and children were made parties to the proceeding.

The former appeared, and in writing waived the publication and posting of notice required by the statute, and also assented to the sale of the whole of the real estate mentioned in the petition, upon an alleged agreement that two-thirds of the proceeds should be applied to the payment of the mortgage debt, and one-third thereof paid to her. The land was sold in pursuance of an order of the probate court, and the administrators in pursuance of the sale made a conveyance of the whole of the several tracts sold to the pur-

chaser, who went into possession under his deed. Subsequently the widow died, and this suit was instituted by her heirs or devisees, who claim the undivided one-third of the land which descended to their mother, their insistence here being that the order of sale made by the probate court was beyond its jurisdiction, and, therefore, void. That this position is well taken is settled upon authority, and that the right of the heirs to assert title to the undivided one-third of the land is not affected by the invalid order of sale is also established, unless their ancestor, through whom they claim, received the purchase-money, or in some way constituted the administrators who made the conveyance her agents, so that she became bound by their acts, or estopped to assert her title. *Pepper* v. *Zahnsinger*, 94 Ind. 88, and cases cited. Merely signing a paper in which she manifested her assent to an order for the sale of the whole of the several tracts, including her interest, would not confer jurisdiction over the subject-matter on the court, nor would that, without more, constitute the administrators her agents to convey her title. If, however, she received and retained what was supposed to be her share of the purchase-price, after having assented to the order and sale, she, as well as those who stand in her right, would be estopped.

Upon request, the court made what purports to be a special finding of facts. This special finding, although it covers very many pages and embraces most of the evidence in the case, can not be regarded as in any proper sense a special finding. While the application to sell, the proceedings, order and report of sale are all set out at full length in the special finding, these can only be regarded as evidence. It is not found as a fact that the land was ever sold by the administrators, nor does it appear, except by the reports made to the probate court which should have no place whatever in the special finding, who purchased the land, or whether or not the purchase-money was ever paid, or whether the widow ever received any part of it if any was paid. The

facts found, after eliminating the evidence, are wholly insufficient to support any judgment, and although the motion for a *venire de novo* is informal we should not hesitate, without any motion, to order a new trial to the end that justice might be done. *Buchanan* v. *Milligan*, 108 Ind. 433 ; *Cottrell* v. *Nixon*, 109 Ind. 378.

The judgment is reversed, with costs, with directions to the court below to sustain the appellant's motion for a *venire de novo*.

Filed Nov. 7, 1889.