## No. 416.

## DEVENBAUGH v. NIFER.

PLEADING.—*Complaint.*—*Action by Physician for Services.*—Where, in an action to recover for medical services, rendered the defendant by the plaintiff, the complaint alleges that the " defendant is indebted to him" (the plaintiff) " for medical treatment to himself and servants rendered by plaintiff at said defendant's request," an objection that the complaint charges that the services were rendered by the plaintiff for the plaintiff is technical, and is not available on appeal.

JUDGMENT.—*By Agreement.*—*Attorney's Authority.*—The employment of an attorney in a cause gives him the power to agree to an entry of judgment, and binds the client therein.

SAME.—*Relief from.*—It is the duty of a party to know when his cause stands for trial, and unless he exercises reasonable diligence in being present and making his defence, he will not be relieved from a judgment taken against him.

SAME.—*Setting Aside.*—*Excusable Neglect.*—*Affidavits.*—*Appeal.*—Where affidavits and counter-affidavits are submitted on an application to be relieved from a judgment on account of excusable neglect, they will be treated as parol testimony or depositions, and where the evidence they contain is conflicting it will not be weighed on appeal, and the decision of the trial court will stand.

From the Noble Circuit Court.

*H. G. Zimmerman* and — *Peterson*, for appellant.

*L. W. Welker*, for appellee.

REINHARD, J.—Action in the court below by the appellee against the appellant, upon the following complaint, omitting the caption :

" Plaintiff complains of the defendant, and says that said defendant is indebted to him for medical treatment to him-

self and servants rendered by plaintiff at said defendant's request, in the sum of eighty-six and $\frac{84}{100}$ dollars, a bill of particulars of which is herewith filed, marked 'Exhibit A,' and made part hereof; that said sum is five years past due, and remains wholly unpaid. Wherefore," etc.

The complaint is accompanied by a bill of particulars.

The appellant filed a demurrer to the complaint, which was overruled, and this ruling is complained of as error. The particular objection pointed out to the complaint is that it charges "that the services were rendered by the plaintiff for the plaintiff." The objection is entirely too technical. *Steeple* v. *Downing*, 60 Ind. 478.

The code under which we practice requires a liberal, and not a narrow construction of pleadings. Section 376, R. S. 1881. There is no merit in this point.

The record shows that on the 17th of October, 1890, the following order was made of record in this cause:

"Come now the parties by their attorneys and agree that judgment may be rendered for said plaintiff for the sum of eighty dollars and costs." Then follows the judgment.

On the 22d day of October, 1890, and during the same term at which the judgment was rendered, the appellant filed a motion to set aside the judgment, and in support of the same filed his affidavit, setting forth certain facts and circumstances which he relied upon as a sufficient ground therefor, on account of excusable neglect, under section 396, R. S. 1881.

To this a counter-affidavit was filed, denying the facts stated in the appellant's affidavit, and other affidavits were filed by the appellant in support of the motion. The substance of the excuse sought to be set up by the motion and affidavits is that appellant was not present at the trial, and did not know the day it was set for, but was expecting to be notified of the time thereof by letter or postal-card by his attorney, and was awaiting such notice; that his attorney had promised to write and notify him; that on the 15th day of

Devenbaugh *v.* Nifer.

October, 1890, the appellant's attorney sent the sheriff's deputy with a subpœna to appellant's house for appellant's witnesses, with a request to notify the appellant that the trial was set for the day following, and also directing that the deputy should instruct appellant to write in the subpœna the names of the witnesses required by the appellant, and to serve them, but that the deputy was so intoxicated that he was unfit to do business, and failed to give the instructions he was directed to give appellant by his attorney, and did not inform the appellant that his cause was set for trial the next day ; and hence the appellant, hearing nothing from his counsel, did not attend the trial of the cause, but that if he had known of the time of the trial he would have been there, and would have been able, as he believed, to disprove the appellee's alleged cause of action and right to recover.

The appellant's affidavit is supported by that of his attorney, who states, among other things, that he handed the subpœna to the sheriff with directions to have it served, and have the blanks filled out and the appellant notified, as stated in the latter's affidavit; that when the cause was called for trial and the appellant did not appear, he thought that he intended to abandon his defence, and therefore " allowed judgment to be taken without trial;" that he afterward learned from the sheriff that the deputy to whom said subpœnas were intrusted was intoxicated, and failed to perform the duty assigned him.

Other affidavits of the appellant were in reference to his defence to the action.

The affidavit of the deputy sheriff states that he was not intoxicated as charged on the occasion referred to, but was perfectly sober when at appellant's house, and that he fully explained matters to him as directed ; that appellant informed him he did not want any witnesses ; " that he did not propose to be beaten by the gang that was at it, and that he would not have a d—d thing to do with it;" that the affiant explained to the appellant that his attorney wanted him, and

that the sheriff had sent him, and that appellant finally said he would come to Albion the next day.

The court, after hearing the motion and considering the affidavits, overruled the application to set aside the judgment, and this ruling is assigned as error.

There are several manifest reasons why the action of the court was right. In the first place, in the absence of any showing that the attorney had no power to appear for the appellant, the latter is bound by the admissions of the former when made a matter of record on the minutes of the court. *Garrigan* v. *Dickey,* 1 Ind. App. 421. His employment in the cause generally gives such attorney the power to agree to an entry of judgment, and, if he violates his instructions, the client must look for redress to the attorney. *Thompson* v. *Pershing,* 86 Ind. 303.

In the next place, the application to set aside the judgment and the grounds upon which it is based have no merit. There is no legal or equitable cause stated therein for granting the relief asked for. It is the duty of a party to know when his cause stands for trial, and, unless he exercise reasonable diligence in being present and making his defence, he will not be relieved from the judgment. While the courts will relieve from *excusable* neglect, they will not encourage such palpable want of diligence as is disclosed here. *Kreite* v. *Kreite,* 93 Ind. 583; *Brumbaugh* v. *Stockman,* 83 Ind. 583; *Bash* v. *Van Osdol,* 75 Ind. 186; *Birch* v. *Frantz,* 77 Ind. 199; *Center Tp.* v. *Board, etc.,* 110 Ind. 579.

Lastly, the decision of the trial court can not be interfered with, for the reason that such decision is regarded as a finding upon a question of fact, upon the affidavits and counter-affidavit submitted. Upon such a finding the same presumptions will be indulged in favor of its correctness as upon other findings of fact made by a trial court and appealed to this court. The affidavits are treated as parol testimony or depositions, and where they contain evidence both for and against the motion, such evidence will not be weighed on appeal, and

in the absence of a clear failure of proof the decision of the lower court must be allowed to stand. *Wells* v. *Bradley, Holton & Co., ante,* p. 278.

The court committed no error.

Judgment affirmed, with ten per cent. damages.

Filed Jan. 19, 1892.