## WILKIE v. REYNOLDS.

[No. 5,210. Filed October 27, 1904. Rehearing denied January 31, 1905.]

1. ATTORNEY AND CLIENT.—*Judgment by Agreement.*—*Power to Bind Client.*—Where a married woman had entrusted her defense to an action to her husband, who appeared and represented her during the proceedings in the cause, and with her knowledge submitted the cause for trial, and agreed to the judgment rendered, such judgment is binding upon such wife, regardless of the merits of any defense she might have, and it is not error to refuse to set aside the submission of such cause. p. 529.

From Madison Circuit Court; *John F. McClure,* Judge.

Action by Myron G. Reynolds against Henrietta Wilkie and husband. From a decree for plaintiff, defendant Henrietta Wilkie appeals. *Affirmed.*

*Richard Broadbent,* for appellant.

*Thomas Bagot, Charles K. Bagot* and *Luther F. Pence,* for appellee.

BLACK, C. J.—The complaint of the appellee against the appellant, Henrietta Wilkie, and her husband, Herman F. Wilkie, was in two paragraphs. In the first, the appellee sought judgment upon a promissory note executed to him by the appellant, and the foreclosure of a mortgage on certain real estate in Madison county, executed to him by the appellant and her husband to secure the payment of the note. The second paragraph was based upon another promissory note of later date and a mortgage to secure its payment of all the rents and profits of certain dwelling-houses situated on certain lots in the city of Elwood, both the note

and mortgage being executed by the appellant to the appellee. In this paragraph the appellee sought judgment upon the note, and the foreclosure of the mortgage, and the application of the rents and profits to the satisfaction of such judgment until fully paid.

The complaint was filed June 8, 1903. On the same day, after the filing of the complaint and the issuing of a summons thereon to the sheriff for service on the defendants, as appears from the entry of record, the appellee filed his verified application for the appointment of a receiver pending the action, to take charge and possession of the mortgaged property, to hold, have and control the same, and to collect the rents and profits subject to the future order of the court, the application containing averments of facts as excuse for want of notice thereof to the appellant. Thereupon the court, without notice to the appellant of the application for the appointment, proceeded to appoint Ezra R. Williams as receiver, who appeared and qualified as such. June 10, 1903, the defendants, as stated in the entry of record, filed their motion to discharge the receiver, which motion is not in the record. Without any ruling thereon, so far as is shown, the appellant and her husband, June 20, 1903, filed their separate answers in bar of the appellee's cause of action set forth in the complaint. Thereupon, on the same day, without any intervening proceeding, the cause was submitted to the court for trial, hearing and judgment, and the court, having heard the evidence, found in favor of the appellee, stating the amount due and unpaid upon each of the notes, and finding that the appellee was entitled to recover of the appellant such amounts, and his costs, except the charges and expenses of the receiver so appointed, which the appellee should pay; also that the appellee was entitled to the foreclosure of the mortgage, and entitled to have a receiver to collect the rents, etc.; also that the appellant should have a specified time within which to make payment; also that the receiver theretofore appointed

should be discharged, and that Solomon F. Downs should be appointed as such receiver, and that, if payment were not made within such time, the court should then render judgment, etc., and order said receiver to take charge of the property, etc., the entry of the finding containing, after the foregoing provisions, the following: "All of which all of said parties in open court fully consent and agree to." Afterward, June 29, 1903, the appellant filed her verified motion to set aside the submission and agreement, and to reassign the cause for trial. The appellee filed his counter-affidavit. The court, July 13, 1903, overruled this motion and rendered judgment upon the finding and made its order, appointing said Downs as receiver. The appellant filed her motion for a new trial, which was overruled.

So far as the appointment of a receiver without notice is concerned, without determining whether or not the matter is properly presented for review, we are unable to find any substantial reason for reviewing the action of the court below. It does not appear directly or inferentially that the receiver so appointed took charge or control of any property, or made any lease of real estate, or collected or received any rent or any money or property under such appointment, while it does appear that on the hearing, soon after the making of the order of appointment, the court found that he should be discharged, and that the costs pertaining to his receivership should be paid by the appellee; and final judgment was rendered in accordance with the finding, and another receiver, agreed upon by the parties, was appointed. By the mere appointment without notice, the appellant was not substantially injured, and we do not examine critically the averments intended to show an emergency for such appointment.

1. The finding of the court was rendered upon the agreement of the parties in open court. It is claimed that the court erred in overruling the appellant's motion to set

aside the submission of the cause for trial. This matter was determined upon the appellant's verified motion and the appellee's counter-affidavit. It thus sufficiently appeared that the appellant's husband was a practicing attorney and a member of the bar of the court below, and that, while the pleadings of the defendants were signed by other attorneys, the appellant was in fact, with her knowledge and consent, represented by her husband, who was living with her as such; that she appeared in court in person with him while he, with her knowledge and acquiescence, acted and represented her in the cause, no other attorney appearing for her, at a time when the cause had been set for trial, June 15, 1903, he in her presence and hearing consenting to the trial of the cause on June 17, 1903, to which date it was continued; that on the latter date he came to the city of Anderson, where the court was held, and, on behalf of her, made offers of settlement of the cause, which was continued until June 20, 1903, when it was settled, compromised and adjusted, and the court made and entered its finding, he being present in court, representing the appellant, and the appellee's attorneys also being present, acting in good faith in the transaction.

The appellant knew the trial was postponed to June 20, 1903, and does not appear to have made any arrangement to be represented by any attorney other than her husband. Thus, without regard to the merits of the alleged defense set forth in appellant's motion, it appears that by her attorney, representing her as such with her knowledge and consent, she waived the presentation of any defense upon the trial, when the finding was entered upon the agreement of the parties, represented, as the court manifestly considered, as it might do, by their attorneys respectively.

In *Thompson* v. *Pershing* (1882), 86 Ind. 303, it is said: "An attorney may, without express authority, bind his client by agreement that judgment may be taken against him, and that, too, though the attorney know that his client has a

good defense to said action.   If he acts contrary to the express directions of his client, or to his injury, the client must look to the attorney for redress.  *Hudson* v. *Allison* [1876], 54 Ind. 215."  See, also, *Devenbaugh* v. *Nifer* (1892), 3 Ind. App. 379; *Biddle* v. *Pierce* (1895), 13 Ind. App. 239.

Judgment affirmed.