## EVANSVILLE IMPROVEMENT COMPANY *v.* GARDNER.

[No. 10,489. Filed October 15, 1920. Rehearing denied December 10, 1920. Transfer denied April 21, 1921.]

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS.—*Realty Mortgage By Assignor and Wife.—Satisfaction of Mortgage Lien.—Application of Personal Property.*—The wife of an assignor for the benefit of creditors cannot have the proceeds arising from the sale of the personal property, to which she is not entitled, applied to the discharge of a mortgage against the real estate assigned in which she joined as mortgagor, although she did not join in the assignment. p. 408.

2. DOWER.—*Assignment by Husband for Benefit of Creditors.— Sale of Land by Assignee.—Wife's Right to Have Partition.*— Where a husband makes an assignment for the benefit of creditors in which the wife does not join, and the assignee sells the land so assigned, the wife may have her one-third interest therein set off to her in partition proceedings. p. 408.

3.  ATTORNEY AND CLIENT.—*Sale of Land by Assignee.—Power of Attorney to Bind Assignor's Wife.*—Where a wife, after her husband's assignment for the benefit of creditors in which she did not join, consented to the first order of sale of the real estate, and was thereafter represented by her attorney, who acquiesced in all subsequent proceedings pertaining to the sale of the realty, she was bound by the attorney's acts, and could not attack the sale.  p. 408.

4.  DOWER.—*Sale of Husband's Realty.—Retention of Proceeds by Wife.—Repudiation of Sale.—Estoppel.*—Where the wife of an assignor for the benefit of creditors received from the trustee an amount representing the entire proceeds of the sale of the realty after the payment of liens thereon, and some of the proceeds of the personal property, she cannot repudiate the sale of the real estate, on the ground that it included her third interest therein, while still retaining the money received. p. 409.

5.  ASSIGNMENTS FOR BENEFIT OF CREDITORS.—*Sale of Realty for Less Than Two-Thirds Appraised Value.—Validity.—Statute.*—In view of §3315 Burns 1914, §2671 R. S. 1881, authorizing the sale of property assigned for the benefit of creditors to the highest bidder either at public or private sale, a sale by a trustee is not invalid because it was private, and because the property was sold at less than two-thirds of its appraised value.  p. 409.

6.  ASSIGNMENTS FOR BENEFIT OF CREDITORS.—*Sale of Real Estate.—Ratification by Court.—Collateral Attack.*—Where the court had jurisdiction of the parties and the subject-matter, its ratification of a sale of realty assigned for the benefit of creditors cannot be attacked collaterally, though the court may have committed error in the proceedings pertaining to the sale. p. 409.

From Warrick Circuit Court; *Marshall R. Tweedy,* Judge.

Action by Margaret Gardner against the Evansville Improvement Company.  From a judgment for plaintiff, the defendant appeals.  *Reversed.*

*Daniel H. Ortmeyer,* for appellant.
*James W. Davis* and *A. H. Maxam,* for appellee.

NICHOLS, J.—Action by appellee against appellant for the partition of real estate located in Warrick county.

The real estate involved was conveyed by appellee's husband to a trustee for the benefit of his creditors in which conveyance appellee did not join; such real estate being thereafter sold by the trustee in the assignment proceedings to appellant.

The trial court found that appellee was the owner of one-third of the real estate, and that she was entitled to partition. Commissioners were appointed and they reported that the real estate could not be divided. Thereupon the court ordered the real estate sold, and appointed a commissioner to make sale, from which order, this appeal.

The facts, which are undisputed, are substantially as follows: On May 6, 1915, appellee's husband duly executed a general assignment of all his property, including the real estate involved, to a trustee for the benefit of all his creditors, in which appellee did not join. Thereafter, until March 30, 1917, the assignment proceedings were pending in the Warrick Circuit Court. Caleb J. Lindsey, an attorney of the Warrick Circuit Court, was employed by appellee, and represented her throughout the assignment proceedings, and was present in court as her attorney when the various court orders involving the real estate were made.

On August 21, 1915, upon the petition of the trustee asking for authority to sell the real estate, the court made an order in the assignment proceedings ordering the real estate sold, which order of the court recites the following: "And comes Margaret Gardner wife of said assignor, William M. Gardner, and presents and files her written assent to the sale including her one-third interest therein, and asks that one-third of the proceeds be paid to her after the payment of the mortgage lien therein described."

The written assent referred to in the above order of the court was signed by appellee and was filed in the

assignment proceedings by Mr. Lindsey, acting for appellee and with her consent. It is as follows:

> "Boonville, Indiana, July 8, 1915.
>
> "To Mr. T. P. Tillman, Trustee, and to any prospective buyers of property assigned by William M. Gardner:
>
> I, the undersigned, wife of said William M. Gardner, agree to the sale of any and all property assigned by my said husband and agree to execute a good and sufficient deed conveying my interest in said property, to-wit:—south half of lot 3 and lots 19, 20, 21, in the town of Chandler in Warrick County, Indiana, on payment to me or my attorney, Caleb J. Lindsey, my proportionate share of the purchase price received for said property either in note or money by the terms of the sale provided.
>
> (Signed) Mrs. Margaret Gardner."

Said order of the court of August 21, 1915, required the trustee to sell the real estate free from any and all liens, after giving notice, and to distribute the proceeds as follows:    (1) To the payment of the costs and expenses of this proceeding.    (2) To the payment of the taxes accrued on said real estate to date.    (3) To the payment of the mortgage lien of the Peoples Saving Bank of Evansville, Indiana (in the execution of which mortgage, appellee had joined) in the amount found to be due at the time of such payment.    (4) To the payment to the wife of said assignor one-third of the purchase money herein in lieu of her one-third interest in said real estate.    (5) To the payment of the judgment liens in the order of their priority as shown by the judgments herein.    The balance, if any, remaining in his hands to be paid into the general fund for the general creditors.

On September 9, 1915, the real estate was offered for sale at public auction in pursuance to said order of said court.    It had been appraised at $6,000, and the

trustee was unable to get a bid for a sum equal to two-thirds of the appraised value.

On June 14, 1916, upon the petition of the trustee asking authority to have the real estate reappraised and again offered for sale, the court made an order which recites the following: "And comes also Margaret Gardner, wife of said assignor, William M. Gardner, and presents and files her written assent to said sale including her one-third interest therein and asks that one-third of the proceeds be paid to her after the payment of the mortgage lien therein described."

The written assent referred to in the above order of the court was signed by Caleb J. Lindsey, as attorney for appellee, and was filed in the assignment proceedings by Mr. Lindsey, acting for the appellee and with her consent. Said written assent is as follows:

"State of Indiana, County of Warrick:
　　Warrick Court, May Term, 1916.
"In the matter of William Gardner, assignment,
　　Truman P. Tillman, assignee.

　"Margaret Gardner shows to the Court that she is the wife of William M. Gardner, Assignor, and as such is entitled to one-third of the whole of the real estate belonging to the said William M. Gardner, as contained in his assignment to Truman P. Tillman, for the benefit of his creditors.

That she appears to this cause of action of Truman P. Tillman Trustee, for the sale of the real estate contained in this petition, and waives the issuance of summons, and hereby consents to the sale of said real estate, not waiving any of my legal rights under the law of Indiana, under condition that my dower rights be preserved and attached to the fund arising from the sale of said real estate, as now provided by law in such cases.

　　　　　　　(Signed) Margaret Gardner
　　　　　　　　By Caleb J. Lindsey,
　　　　　　　　　　Her attorney."

Said order of the court of June 14, 1916, required the

trustee to sell the real estate free from any and all liens, after giving notice, with an order for the distribution of the proceeds as above.

On September 9, 1916, the real estate was offered for sale at public auction in pursuance to said order of the court. It had been reappraised at $4,560 and the trustee was unable to get a bid for a sum equal to two-thirds of the appraised value.

Mr. A. B. Schmitt attended that sale as the agent for appellant, and made a bid of $1,600 for the property, which was the highest and best bid offered, but less than two-thirds of the appraised value. On October 28, 1916, the trustee reported to the court that the best bid received was $1,600 and the court refused to approve the sale, and the trustee was ordered to proceed in the sale of the real estate to the best interests of the creditors. Thereupon, at the request of the trustee and upon the trustee's statement that it required an additional amount to pay off the liens, and that the sale would then be approved by the court, Mr. Schmitt raised his bid to $1,660. Thereupon, on the same day, October 28, 1916, the trustee reported the sale of the real estate to appellant at private sale for $1,660 and asked that sale be approved.

The trustee reported that he had offered the real estate for sale at public auction on September 9, 1915, and again on September 9, 1916, and at private sale at numerous times, and that the best offer ever received was $1,660. That between the first and second public sales, the trustee made diligent efforts to find a purchaser who would bid two-thirds of the appraised value for the property. That wide publicity was given the sale on September 9, 1916, but the trustee received no offer that was worthy of serious consideration; that no one appeared interested in the purchase of the property; that the trustee advertised from time to time in

the newspapers with a view of finding a purchaser; that the property was not rented and was subject to waste and damage by reason of its being unoccupied; that part of the buildings were uninsured by reason of the trustee's inability to secure insurance thereon; that the real estate was subject to foreclosure of the mortgage of the Peoples Savings Bank by reason of proceedings to that end which had been pending for more than a year and, if prosecuted as threatened, a receiver would be appointed to take charge of the property by reason of its insufficient value to pay the mortgage debt; that taxes on the real estate were long past due and delinquent, and the real estate would be sold to pay taxes unless disposed of immediately; that the trustee had communicated with Margaret Gardner, appellee, and with Mr. Lindsey, her attorney; and that neither was interested in buying the property, or in postponing the sale.

Mr. Lindsey, as attorney for appellee, attended all the sales of the real estate and knew of the efforts made by the trustee to sell at public sale and at private sale. He was at both public sales representing appellee.

The court thereupon, on October 28, 1916, approved the sale of the real estate to appellant at private sale for $1,660.

Appellant thereupon paid to the trustee the purchase money of $1,660 and received a deed from the trustee for the whole of the real estate, which deed was approved by the court. The deed is dated October 28, 1916.

Of the purchase money paid by appellant, the trustee expended $1,437.62 in satisfaction of the mortgage of the Peoples Savings Bank on the real estate, which mortgage was executed by appellee and her husband to said bank under date of January 22, 1912.

Of the purchase money paid by appellant, the trustee

expended $29.93 in satisfaction of tax liens on the real estate.

The remainder of the purchase money paid by appellant was commingled with the other funds in the hands of the trustee, and the trustee in his final report, filed March 30, 1917, reported a balance of cash in his hands of $243.69, all of which was ordered by the court paid to appellee and the same was paid to said Lindsey, as appellee's attorney.

Appellee never made a demand upon the trustee for that money and never complained to the trustee about his payment of the same to Mr. Lindsey. It appears that appellee did make a demand upon Mr. Lindsey therefor.

By this it appears that appellee's attorney received for her use, all the remainder of the proceeds of the sale of the real estate, after the payment of the mortgage in the execution of which she had joined, and the taxes on the real estate, and that he received in addition thereto $51.24 of the proceeds of the personal property, to which she was not entitled, for the personal assets belong to the general creditors and not to the wife, and she could not require them to be applied to the discharge of the mortgage lien. *Gough* v. *Clift* (1881), 81 Ind. 371.

The general rule that, if a husband make an assignment for the benefit of creditors, in which the wife does not join, and the assignee sells land so assigned, the wife may have her one-third interest therein set off to her in partition proceedings, is so well established that we do not need to cite authorities. She cannot be deprived of this right unless by some act of her own she has precluded herself. In this case, appellee had joined in the execution of the mortgage for the payment of which the real estate was sold by the trustee, under the order of the

court. When the assignment was made she employed an attorney who represented her throughout the assignment proceedings, being present and joining in or acquiescing in each step taken, pertaining to the sale of the real estate involved. That she was bound by his acts has been repeatedly decided, *Thompson* v. *Pershing* (1882), 86 Ind. 303; *Davenbaugh* v. *Nifer* (1892), 3 Ind. App. 379, 29 N. E. 923; *Biddle* v. *Pierce* (1895), 13 Ind. App. 239, 41 N. E. 475; *Wilkie* v. *Reynolds* (1904), 34 Ind. App. 527, 72 N. E. 179.

She says that the $243.69 in the hands of her attorney for her use, is the proceeds of the personal property, and not any part of the proceeds of the real estate, but as such she is not entitled to it; further, it must consist in part of the balance of the real estate money, for it was left in the trustee's hands, and no one else was entitled to it. It belongs to her, and in her attempt to repudiate the sale it does not appear that she has offered to return it to any person whom she thinks entitled thereto. She cannot repudiate the sale and proceedings and at the same time profit thereby. *Roberts* v. *Lindley* (1889), 121 Ind. 56, 22 N. E. 967; *Hampton* v. *Murphy* (1909), 45 Ind. App. 513, 86 N. E. 436; *Pepper* v. *Zahnsinger* (1884), 94 Ind. 88; *Roach* v. *Clark* (1902), 28 Ind. App. 250, 62 N. E. 634; *Indianapolis, etc., Co.* v. *Ripley* (1911), 175 Ind. 103, 93 N. E. 546; *Western Construction Co.* v. *Board* (1912), 178 Ind. 684, 98 N. E. 347.

Appellant claims that the sale is invalid as to her for the reason that the real estate sold for less than two-thirds of the appraised value and for the reason that it sold at a private sale, when a public sale was ordered. But the assignment act, §3315 Burns 1914, §2671 R. S. 1881, provides that the sale shall be to the "highest bidder for cash, or upon credit," and there is no requirement that

it shall sell for two-thirds of the appraised value. Such section also provides that the court may ratify private sales, which in this case was done.    Further, the court having jurisdiction of the parties and of the subject-matter, its proceedings cannot be attacked collaterally though it may have committed great irregularities and errors.    *Sauer* v. *Twining* (1881), 81 Ind. 366; *Bateman* v. *Miller* (1889), 118 Ind. 348, 21 N. E. 292; *Board of Children's Guardians, etc.* v. *Shutter* (1893), 139 Ind. 268, 34 N. E. 665, 31 L. R. A. 740; *Winslow* v. *Breen* (1900), 155 Ind. 368, 58 N. E. 259.

Having consented to the sale of her interest, both in person, and by her attorney, and as appears by the report of sale which is not contradicted, having been given every opportunity to protect her interest, and finally having received and kept part of the proceeds of the sale, she is now clearly estopped from prosecuting this action.    Appellant presents a question of subrogation, but having reached the foregoing conclusion, we do not need to discuss it.    The judgment is reversed, with instructions to grant a new trial.