GARDNER *v.* EVANSVILLE IMPROVEMENT COMPANY.

[No. 24,151. Filed December 10, 1924.]

APPEAL.—*Law of the Case.—On Subsequent Appeal.*—The decision of the Appellate Court on a former appeal that the appellant in a subsequent appeal was estopped is the law of the case on the subsequent appeal where no additional facts were found on the second trial, nor any facts that are inconsistent with, or that modify, the facts upon which the former decision was founded.

From Warrick Circuit Court; *Marshall R. Tweedy,* Judge.

Action by Margaret Gardner against the Evansville Improvement Company of Vanderburgh county. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*J. W. Davis* and *A. H. Maxam,* for appellant.
*Daniel H. Ortmeyer,* for appellee.

GAUSE, J.—Appellant brought this action in the court below against appellee for partition, claiming to be the owner of the undivided one-third of certain real estate. From a finding and judgment that appellant was the

owner of said interest and entitled to partition, appellee appealed to the Appellate Court.

That court, in *Evansville Improvement Co.* v. *Gardner* (1920), 75 Ind. App. 401, 128 N. E. 471, set out the facts, which it stated were undisputed, and decided that, upon those facts, appellant was estopped to claim any interest in said real estate, and reversed the judgment of the lower court and ordered a new trial.

Upon the second trial, the lower court made a special finding of facts, and, upon those facts, concluded that appellant was estopped from claiming any interest in the real estate.

The facts as found by the trial court, on the second trial, and which are involved in this appeal, are substantially the same facts as set out in the opinion of the Appellate Court in the former appeal.

Although the finding of facts on the second trial is more in detail than as stated by the Appellate Court, all the facts stated by the Appellate Court in its opinion, and upon which it based its opinion that appellant was estopped, were found upon the second trial and no new material facts were found, nor any facts that are inconsistent with, or which modify, the facts upon which the former opinion was founded.

It follows, therefore, that the law as declared by the Appellate Court in the former appeal is the law of the case, and governs in this appeal. *Westfall* v. *Wait* (1905), 165 Ind. 353, 6 Ann. Cas. 788; *Alerding* v. *Allison* (1908), 170 Ind. 252, 127 Am. St. 363.

Other questions which are discussed by appellant are not material, in view of the determination that she is estopped to claim any interest in the real estate in dispute.

Judgment affirmed.