GUYDON v. TAYLOR ET AL.

[No. 17,314. Filed May 1, 1945. Rehearing denied May 28, 1945.]

*Stiles & Bayor,* of Gary, for appellant.

*Thomas J. Hurley,* of Gary, for appellees.

HAMILTON, J.—This is an appeal from a judgment rendered by the Lake Superior Court, Room Three, Gary, Indiana, sustaining a motion to dismiss an appeal taken, after the expiration of 30 days, by the appellant from a judgment rendered against her and in favor of appellee, William Taylor, in the court of appellee, James J. Finnerty, Justice of Peace.

On April 1, 1944, appellee William Taylor recovered a judgment against the appellant before one James J. Finnerty, Justice of Peace, for the posession of certain real estate and a money judgment for damages for the wrongful detention of said premises. Thereafter, on May 15, 1944, and after the expiration of 30 days from the date of said judgment, the appellant filed in the office of the Clerk of the Lake Superior Court, Room Three, Gary, Indiana, a verified petition for appeal pursuant to the provisions of § 5-1006, Burns' 1933, § 1936, Baldwin's 1934. In this petition appellant alleged facts showing the pendency of the action against her before the Justice of Peace; that she employed an attorney to represent and defend her interests in said action; that appellant agreed to, and did in fact, pay the amount due and owing as rent to April 12, 1944, and thereafter paid, and the appellee accepted, the sum of $20 in addition to the judgment, which paid her rent up to and including May 12, 1944; that said attorney, without the knowledge and consent of the appellant, agreed to a judgment for possession of the premises being entered against appellant. Appellant further alleged that she did not know that a judgment for possession was entered against her and she had no knowledge of said judgment, or she would have posted an appeal bond within the time prescribed by law. No other pertinent facts are alleged in said petition. The petition was granted, an appeal bond was filed and approved, and

the Justice of Peace was ordered to certify a transcript of the proceedings to the Lake Superior Court, Room Three, Gary, Indiana.

On May 17, 1944, a certified transcript of such proceedings was duly filed as required by the order authorizing said appeal.

Thereafter, on May 19, 1944, the appellee, William Taylor, filed his written motion to dismiss the appeal for the reason that it affirmatively appeared from the transcript filed in said proceedings that the judgment appealed from was, and is, a judgment rendered by confession and agreement of the parties, and therefore non-appealable.

Thereafter, on June 13, 1944, after hearing argument, the court entered an order sustaining the motion to dismiss said appeal and from said ruling this appeal is prosecuted.

The sole error assigned in this court is that the court erred in sustaining appellee William Taylors' motion to dismiss the appeal.

The certified transcript of the proceedings before the Justice of Peace discloses the following entry with reference to the rendition of the judgment:

"April 1, 1944. Comes now the plaintiff with his attorney, Edward M. Sutton, and comes also the defendants with their attorney, Herman L. Key; and the defendants now confess judgment herein as follows:

"That the plaintiff is entitled to the immediate possession of the premises described in the complaint, to-wit: a four room flat located on the first floor of the building known as 2364 Mass. St., Gary, Indiana, which is unlawfully detained by the defendants; and that the plaintiff is also entitled to recover from the defendants the sum of forty-one dollars and sixty-two cents ($41.62) as damages for such unlawful detention, together with the costs of this action.

"April 1, 1944. The defendant now pay into this court the said sum of $41.62, and it is understood and agreed by and between the both parties in open court to be entered of record, that this pays the rent until April 12, 1944; that the defendant will move out of the premises by May 1, 1944, and that no writ of restitution will be issued until May 1, 1944."

The words, "confess judgment," used in the above entry, are defined in Webster's New International Dictionary as follows: "To acknowedge that a claim is, or is about to become, due to another, and consent that judgment may be entered for the amount when due and unpaid. The judgment when duly entered is valid." The word, "confess," is also defined by the same authority as meaning: "To admit as true; to assent to; to concede." Therefore, we hold that the judgment was entered by agreement of the parties. *Moore* v. *American Nat. Bank at Indianapolis* (1944), 114 Ind. App. 551, 555, 52 N. E. (2d) 513.

It has been held in numerous decisions by the Supreme Court, and this court, that no appeal lies from a judgment which has been entered by agreement of the parties. *Moore* v. *American Nat. Bank at Indianapolis, supra; Board, etc.* v. *Scott* (1898), 19 Ind. App. 227, 232, 237, 49 N. E. 395; *The Indianapolis, etc., Ry. Co.* v. *Sands* (1892), 133 Ind. 433, 436, 32 N. E. 732; *Hoosier Finance Co.* v. *Campbell* (1927), 86 Ind. App. 62, 66, 155 N. E. 836.

It affirmatively appears from the transcript filed in the lower court by the Justice of Peace that the appellant was personally served with summons on March 20, 1944, to be and appear in said court at 10 o'clock a. m., March 25, 1944; that thereafter

on April 1, 1944, the defendants appeared in said court with their attorney, Herman L. Key. It is well settled that where a party has been properly brought into court he is chargeable with notice of all subsequent steps taken in the cause down to and including the judgment, although he does not in fact appear and has no actual knowledge thereof. *Flanders* v. *Ostrom, Rec.* (1934), 206 Ind. 87 on 97, 187 N. E. 673.

As heretofore stated, appellant alleges in her petition to appeal that she employed an attorney to represent and defend her in the action pending before the Justice of Peace. This attorney was clothed, under the law, with ample authority to bind appellant by agreeing to the rendition of the judgment set forth in the transcript filed by the Justice of Peace. *Board, etc.* v. *Scott, supra; Devenbaugh* v. *Nifer* (1891), 3 Ind. App. 379, 382, 29 N. E. 923; *Thompson* v. *Pershing* (1882), 86 Ind. 303, 310; *Evansville, etc.* v. *Gardner* (1921), 75 Ind. App. 401, 409, 128 N. E. 471; *Cory* v. *Howard* (1929), 88 Ind. App. 503, 505, 164 N. E. 639; *Miedreich* v. *Rank* (1907), 40 Ind. App. 393, 397, 82 N. E. 117.

Appellant seeks to avoid the effect of the foregoing principles by asserting that a judgment may be attacked for fraud, and that a judgment procured by fraud is void. Each of appellant's assertions is correct as an abstract statement. However, in the instant case, the record fails to disclose any pleading filed by the appellant in which facts are alleged to establish that the judgment in question was procured by fraud. It is fundamental that fraud is never presumed, but must be averred and proved as alleged in order to authorize relief because of fraud. *Wills* v. *Mooney-Mueller Drug Co.* (1912), 50 Ind. App. 193, 199, 97 N. E. 449; *Lockwood* v. *Harding* (1881), 79 Ind. 129, 134; *Pike*

v. *Pattee* (1936), 103 Ind. App. 83, 2 N. E. (2d) 420; *Cotterell, Adm.* v. *Koon* (1898), 151 Ind. 182, 51 N. E. 235.

Applying the foregoing principles to the facts alleged in appellant's petition to appeal and to the uncontroverted facts disclosed by the transcript of the Justice of Peace, we are of the opinion that the lower court was correct in its ruling dismissing the appeal. *Cook* v. *Ernsberger* (1940), 107 Ind. App. 605, 608, 22 N. E. (2d) 885; *Bertch* v. *Mund* (1916), 184 Ind. 393, 110 N. E. 548; *Jusczak* v. *Lewis* (1942), 112 Ind. App. 34, 37, 41 N. E. (2d) 627.

We find no reversible error in the record. Judgment affirmed.

Draper, C. J., not participating.

NOTE.—Reported in 60 N. E. (2d) 750.