Nov. Term,
1857.

WELCH
v.
WATTS.

WELCH *v.* WATTS.

An affidavit to the effect that a party went before a justice to file an appeal-bond, taking with him a person to sign as surety; that the justice not being then able to take the bond, the party executed it and left it with the justice under an agreement with the justice and the proposed surety that the latter would go before the former the next day and sign the bond; that the party, believing that the proposed surety had done so, did not go back to the justice's office until the time within which the appeal might be taken had expired; and that he did not know that the proposed surety failed to perform his engagement, until after such time had elapsed; will not sustain an order of Court authorizing an appeal after the expiration of the time.

*Wednesday,*
*November 25.*

APPEAL from the *Warren* Court of Common Pleas.

DAVISON, J.—*Welch* brought his action against *Watts* before a justice of the peace, upon a promissory note for the payment of 25 dollars. The note bears date *May* the 13th, 1853. It was payable to one *William Printy*, at twelve months, and by him assigned to the plaintiff. The justice, having heard the case, gave judgment against the defendant for the full amount of the note and interest.

The record contains a bill of exceptions which shows that the defendant, at the *October* term, 1854, filed in the *Warren* Common Pleas his affidavit, wherein he says that the above judgment was rendered on the 24th of *June*, 1854, and that on the 21st of the next month, *July*, he went to the office of the justice to file an appeal-bond, having taken with him one *John Hunter*, who was a solvent person, to sign such bond as surety; that defendant prayed an appeal, but the justice, being engaged in the trial of a cause, told him that he could not then take the bond; that defendant, having himself executed an appeal-bond, left it with the justice—it being agreed between him, defendant, and *Hunter*, that the latter would, on the next day, go before the justice and sign the bond; that defendant, honestly believing that *Hunter*, in accordance with his agreement, had executed the bond, did not go back to the justice's office until after the time prescribed by law for taking such bond had elapsed; nor did he know, until after the expiration of that time, of *Hunter's* failure to perform his en-

gagement. And further, the defendant says that he has a meritorious defense against the note on which the aforesaid judgment is founded.

Nov. Term, 1857.

WELCH
v.
WATTS.

Upon this affidavit, the defendant moved for an order authorizing an appeal from the judgment before the justice, which motion the Court granted, and the order was accordingly made, on condition that he would file with the justice an appeal-bond. And the defendant having given the required bond, the justice, on the 2d of *December*, 1854, filed in the clerk's office a transcript of the judgment, &c., in pursuance of the order.

At the *January* term, 1855, the plaintiff moved to dismiss the appeal, on the ground that the affidavit on which it was authorized was insufficient; but the motion was overruled. And thereupon, the defendant answered the complaint. Issues being made, the cause was submitted to a jury. Verdict for the defendant, upon which the Court, having refused to grant a new trial, rendered judgment.

Was the affidavit sufficient to sustain the defendant's motion for the order authorizing the appeal? If it was not, then the appeal was improperly granted, and should have been dismissed. We have a statute which says that any party may appeal from the judgment of any justice, &c., within thirty days from the rendition of the judgment; that the appellant shall file with the justice a bond to be approved by the justice, &c., conditioned that he will prosecute his appeal to effect, &c.; and that appeals may be authorized by the Court of Common Pleas or Circuit Court, after the expiration of thirty days, when the party seeking the appeal has been prevented from taking the same by circumstances not under his control. 2 R. S. p. 461, *et seq.* What, then, were the circumstances under which the defendant was, in this instance, prevented from taking the appeal? Were they under his control? Intending to appeal from the judgment, he appeared before the justice on the 21st of *July*—three days prior to the expiration of the time allowed for an appeal. True, the justice told him that he could not then take the bond; still

Nov. Term,
1857.

MELTON
v.
THE STATE.

the affidavit plainly admits the inference that, between the defendant and the justice there was an understanding that the bond was to be presented for approval on the day following. Why was the appeal-bond not approved? The defendant, in effect, says that he was deceived by *Hunter*, who had agreed to go to the justice's office on the next day and sign the bond. *Hunter's* failure to comply with his engagement is, indeed, the only circumstance upon which the defendant relies; and it seems to us that the circumstance was "under his control." It was for him to ascertain with certainty that the bond had been, within the time, approved by the justice, and the affidavit shows no sufficient reason why, for that purpose, he did not appear at the justice's office on the day the bond was to be signed by *Hunter*. Other questions are raised by counsel; but the cause not being properly before the Common Pleas, they are not to be considered as arising in the record. *Thomas* v. *Littlefield*, 1 Ind. R. 361.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*R. A. Chandler*, for the appellant.

*B. F. Gregory* and *J. Harper*, for the appellee.