### TUCKER *v.* MAKEPEACE.

APPEAL from the *Madison* Court of Common Pleas.

*Per Curiam.*— An affidavit was filed by *Tucker*, alleging that in *October*, 1857, on the day he was about starting to remove from the state, a summons was served on him at the suit of *Makepeace;* that he was informed at the time that only about 10 dollars was claimed (he does not state who informed him); that he owed *Makepeace* a note of some 10 dollars, and supposed it was that for which suit was brought; but having made arrangements to pay that, and knowing that he did not owe him any other sum, and it being some distance to the office of the justice, he continued on his journey, and went out, and remained out of the state for more than thirty days after judgment rendered in said proceeding, which was for 99 dollars, 75 cents, and was not, during that time, aware of said judgment; that said judgment was wholly unjust; and therefore, &c.

The said *Tucker* thereupon moved that an appeal be authorized by the Common Pleas Court, &c., under the statute, which is as follows:

"Appeals may be authorized by the Court of Common Pleas or Circuit Court, after the expiration of thirty days, when the party seeking the appeal has been prevented from taking the same by circumstances not under his control." 2 R. S. p. 463.

The motion was granted, and an appeal authorized.

After the transcript was filed, and the appeal docketed, <span style="float:right">May Term, 1860.</span>
the plaintiff moved to dismiss the same because the affidavit did not state facts sufficient, &c. The appeal was <span style="float:right">THOMPSON v. NORTON.</span>
dismissed, which presents the only question in the case. ·

We see no error in the ruling of the Court in dismissing the appeal. No sufficient error is shown under the statute to authorize an appeal after the thirty days, &c.

The judgment is affirmed with costs.

*M. S. Robinson*, for the appellant.