## SAMPLE *v.* GILBERT.

PRACTICE.—*Appeal from Judgment of Justice of the Peace after Thirty Days.*
A defendant who was personally served with process in a suit before a justice
of the peace, and who suffered judgment to go against him by default, pro-
cured an order of the court of common pleas for an appeal more than thirty
days after the rendition of the judgment. His affidavit showed that he paid the
costs two days after judgment, and supposed the default had been set aside,
and was waiting for the justice to fix a time for the trial of the cause; that he
"had no other idea than defending the suit;" that the note on which judgment
was rendered had been paid, and that he was not aware that the default had
not been set aside until the day of making the affidavit.

*Held*, that the appeal was improperly granted and should have been dismissed.
The payment of the costs did not of itself operate to vacate the judgment.
That could only be done on the defendant's motion, and he made no motion to
that effect before the justice.

From the Delaware Circuit Court.

*T. J. Sample* and *W. March*, for appellant.

OSBORN, J.—By the record in this case, it appears that
the appellant recovered a judgment against the appellee by
default, before a justice of the peace, on the 15th day of
May, 1871, after personal service of the summons by read-
ing; that on the 17th day of the same month the appellee
appeared before the justice, and paid the costs in full. He
did not move to set aside the default or for a new trial, or
take any other action in the case until the 23d day of June
of the same year, when he appeared in the common pleas
court and on his motion, supported by his own affidavit,
obtained an order upon the justice to send up a transcript
of the proceeding and judgment, and all the papers in the
cause. On the 24th of the same month, he filed before the
justice an appeal bond in the case, and afterward filed a
transcript of the proceedings and papers in the common
pleas court. On the calling of the cause, the appellant moved
to dismiss the appeal. His motion was overruled, and he
excepted. The cause was finally tried by the court, result-
ing in a finding for the appellee, and, over a motion for a new
trial, judgment was rendered against the appellant for costs.

The affidavit upon which the appellee's motion for the appeal was granted states that he did not know, at the time of the rendition of the judgment, that any suit was pending against him; that immediately thereafter he went to the justice, and for the purpose of having the default set aside, paid up the costs, and supposed that the default was set aside, and was waiting for the justice to fix a time for the trial of the cause, "and had no other idea than defending the suit;" that the note upon which it was brought had been fully paid; that he was not aware but that the default had been set aside until the day of making the affidavit, when the officer came and demanded property of him, on an execution issued upon the judgment.

The affidavit does not show that the appellee was prevented from taking the appeal "by circumstances not under his control," within thirty days after the rendition of the judgment, as required by sec. 68, 2 G. & H. 597.

He states in his affidavit that he paid the costs, for the purpose of having the default set aside, but he failed to make his purpose known to the justice of the peace. He made no motion. "Such judgment by default may be set aside, on motion, * * on payment of all costs," etc. Sec. 62, 2 G. & H. 593. The justice had no right to set aside the default until asked to do so. He might well suppose that the judgment debtor was paying a part of the judgment. The judgment was rendered on the 15th of the month. On the 17th he paid the costs, and he certainly could, with ordinary diligence, have learned that the default had not been set aside in time to take an appeal before the expiration of thirty days. from the rendition of the judgment.

There was no ground for granting the appeal, and the motion to dismiss ought to have been granted. *Welch* v. *Watts,* 9 Ind. 450; *Tucker* v. *Makepeace,* 14 Ind. 186.

This is not like the case of *Brooks* v. *Harris,* 42 Ind. 177. There the service was by copy, and the defendant had no knowledge of the pendency of the action until too late to.

appeal. In this case, the defendant had notice of the judgment the second day after its rendition.

The judgment of the said Delaware Circuit Court is reversed, with costs. The cause is remanded, with instructions to said court to dismiss the appeal.