No. 326.

## KREITE v. SMITH.

JUSTICE OF THE PEACE.—*Application to Allow Appeal to Circuit Court.—Trial of.* —In an application in the circuit court to allow an appeal from a judgment rendered by a justice of the peace more than thirty days previous thereto, an issue can not be tendered and tried after the court has granted leave to appeal, touching the facts set forth in such application.

SAME.—*Demurrer.—Motion to Dismiss Application.*—In such case a demurrer can not be filed to the application; the proper proceeding is to move to dismiss the application for the appeal, or to dismiss the appeal after it is granted and perfected.

SAME.—*Length of Time After Judgment Rendered.*—On a proper showing, length of time will not defeat the application.

SAME.—*Cause for Application.—Sufficiency.*—A woman residing in Kentucky, while on a temporary visit to this State, was sued before a justice of the peace, and, on appearing at the hour set for trial, was informed that the cause had been dismissed and costs paid, and there was no necessity for her remaining any longer. She departed. The plaintiff then appeared, defaulted the defendant, filed an amended complaint, obtained judgment, and wrote an order on the docket not to issue an execution until ordered by the plaintiff. Nine years afterwards the plaintiff filed a transcript of such judgment in the clerk's office of the circuit court, caused an execution to be issued and served on the defendant, who, for the first time, was thus apprised of the judgment against her. She filed an application in the circuit court to be allowed to appeal, setting out these facts and averring that she did not owe any part of the debt sued upon.

*Held,* that the application was sufficient.

From the Dearborn Circuit Court.

*G. M. Roberts* and *C. W. Stapp*, for appellant.

*H. D. McMullen, W. R. Johnston* and *H. R. McMullen,* for appellee.

ROBINSON, J.—On the 17th day of July, 1880, the appellant recovered a judgment against the appellee before Isaac H. Carbaugh, a justice of the peace of Dearborn county, for $76.

By the docket entry of the justice of the peace it appears

Kreite *v.* Smith.

that the appellee had been legally served with process to appear before said justice at 9 o'clock A. M. on the 17th day of July, 1880; that at the hour set for trial the plaintiff appeared with her attorney, and that the defendant failed to appear, and made default; that thereupon the plaintiff filed an amended complaint, to wit:

" Plaintiff, Mary Kreite, complains of the defendant, Catharine Smith, and for an amended and substituted complaint says the said defendant is indebted to her for necessaries furnished by her to defendant at her instance and request, and that plaintiff and defendant had a settlement, and by said settlement the defendant was indebted to her in eighty-four and $\frac{50}{100}$ dollars, which amount the defendant agreed to pay.                               JOHN A. PARKS,
                                   "Att'y for Plaintiff.

"And the plaintiff having made proof of her complaint, it is therefore adjudged that the plaintiff recover of and from the defendant the sum of seventy-six dollars, with interest thereon from this date, together with her costs, and all accruing costs.          ISAAC H. CARBAUGH,     [SEAL.]
                             " Justice of the Peace."

The plaintiff's attorney endorsed thereon, " No execution to be issued on this judgment unless ordered by the plaintiff."

The judgment remained in this condition without execution until the 4th day of October, 1889, when affidavit was filed by the judgment plaintiff that the judgment had not been paid, or any part thereof, and on the same day execution was issued and returned *nulla bona;* that afterwards a transcript of said judgment was filed in the clerk's office of the Dearborn Circuit Court, and execution issued thereon directed to the sheriff of said county; that afterwards, on the 8th day of November, 1889, the appellee filed her motion, duly verified, in the Dearborn Circuit Court, asking for an order of said court allowing her to appeal from said

judgment, by which said motion the following facts appear : That the appellant pretended to have a judgment against the appellee rendered on the docket of Isaac H. Carbaugh, a justice of the peace in Center township, Dearborn county, Indiana, and that there was a judgment in favor of the appellant and against the appellee for $76 and costs, which purported to have been rendered on the 17th day of July, 1880, which judgment is on the docket of said Isaac H. Carbaugh, and was then in the hands of Henry I. Smith, justice of the peace of Aurora, Indiana ; that appellee never knew that said judgment was rendered against her until the Saturday before filing said motion, to wit, November 2d, 1889 ; that at the time said judgment purports to have been rendered the appellant was a resident of Louisville, Kentucky, and was on a visit here when appellant caused a summons to be served on her to appear before the said Isaac H. Carbaugh and answer the complaint of the appellant ; that at the hour set for trial by the summons appellee went to the office of said justice, and asked what she was sued for, and said to the said justice, that she had come in obedience to the summons, and she wanted to get back as soon as possible to her sick baby, and the said justice then and there said to the appellee, " Mrs. Kreite has been here and paid off the costs and dropped it, and you need not stay at all ; go home to your baby ; " that appellee, believing the suit was dismissed, returned home, and never at any time knew that a judgment had been rendered against her until the 2d day of November, 1889, when she learned it for the first time by the sheriff of the county coming with an execution ; that she at no time owed appellant anything whatever, and was not, on the 17th day of July, 1880, or at any other time, indebted to her in any sum whatever, and each and every allegation in the complaint in said cause was untrue ; that she never purchased of appellant on her account or credit any article whatever, and had she known sooner that there was a judgment rendered against her, she would have appealed within the time al-

lowed by law; that the appellee was not liable to the appellant in any sum whatever, and never had been indebted to her in any sum whatever; that the appellant had caused a transcript of said judgment to be recorded in the clerk's office of the Dearborn Circuit Court, and execution had been issued thereon, etc. Wherefore appellee asked that the court make an order on the justice of the peace, Henry J. Smith, to certify said judgment to said court, and that the appellee be allowed to appeal from said judgment, etc.

The appellant moved to dismiss said motion, which was overruled and exception taken.

The appellant then filed a demurrer to said motion, which was overruled and exception taken, and the court thereupon caused to be entered an order granting the appellee an appeal as prayed for in said motion upon her filing with said justice of the peace, Henry J. Smith, an appeal bond in the sum of two hundred dollars, to the approval of said justice, within five days, and said justice was ordered and directed, upon the filing of said bond within five days after the filing thereof, to make and certify a full and complete transcript of said judgment, with all the papers in said cause in his possession, to the clerk of the Dearborn Circuit Court. Afterwards, and within the time prescribed in said order, an appeal bond was duly executed, and said justice, pursuant thereto, filed in said court a transcript of an appeal in said cause, with all the entries on his docket pertaining thereto. Thereupon the appellant entered a special appearance, and by written motion for the causes therein stated moved to dismiss said appeal, which motion was overruled and exception taken. The appellant then filed an answer to the appellee's application for leave to appeal, which, on motion of the appellee, was rejected and exception taken.

It appearing, by answer of the justice in discharge of the rule entered against him to certify to said court the original papers in said cause, that said papers were not on file in his office and could not be found, leave was granted the appel-

lant to substitute copies thereof, and the appellant thereupon filed a substituted complaint, which the appellee answered by general denial.

The cause was tried by a jury, resulting in a verdict in favor of the appellee, and judgment was rendered on the verdict, over a motion for a new trial.

Under the assignment of errors it is alleged:

1st. That the court erred in overruling appellant's motion to dismiss the appellee's application to be allowed to appeal the cause from the judgment of the justice of the peace after thirty days from the rendition thereof.

2d. That the court erred in overruling appellant's demurrer to the application of appellee for an appeal.

3d. That the court erred in overruling appellant's motion to dismiss the appeal.

4th. That the court erred in sustaining appellee's motion to reject appellant's answer to the appellee's application for an appeal.

5th. That the court erred in refusing to try separately, before trying the cause, the issue presented by appellant's answer to appellee's application to be allowed to take an appeal from the judgment of the justice of the peace rendered in the cause.

6th. That the court erred in overruling the motion for a new trial.

The evidence is not in the record, and under the causes assigned in the motion for a new trial no question is before this court.

There was no error committed by the court as alleged in the fourth and fifth assignments of error. The answer of the appellant that was rejected on appellee's motion was as to the original application for appeal, and after the same had been granted.

The questions sought to be raised by said answer had been determined by the court on the application for the appeal, and even though there was any rule of practice authorizing

the filing of an answer to an application for an appeal, and there is none, there was no error in rejecting the answer after the appeal had been granted, and after the appeal was granted there was but one case to try. It was the case that had been appealed from the justice. The question of said appeal, so far as the circuit court was concerned, was settled when it was filed by the justice in pursuance of the order of the court under the appellee's application, and when so filed constituted but one case.

Section 1499, R. S. 1881, limits the time within which the party may appeal from a judgment of a justice of the peace to thirty days. But section 1503 provides that "Appeals may be authorized by the circuit court after the expiration of thirty days, when the party seeking the appeal has been prevented from taking the same by circumstances not under his control."

We do not think the practice under the code recognizes a demurrer as proper in such cases. There was a motion to dismiss the application for appeal, and also to dismiss the appeal after the justice had filed the transcript under the order and direction of the circuit court. Under these motions and the exceptions taken to the action of the circuit court in granting the appeal, the question as to the action of the circuit court in the case is fully presented in this court. A determination of the question as to whether the appellee was prevented from taking an appeal by circumstances not under her control, until after the expiration of thirty days, will dispose of all the questions the record presents in this case.

We do not concur with the appellant that the application for an appeal was a collateral attack upon the judgment, or that, because more than nine years had elapsed since its rendition, the appellee should be deprived of an appeal. The statute is broad enough to allow an appeal even after the lapse of so long a period, if the appellee was prevented from taking such appeal by circumstances not under her control.

Kreite v. Smith.

The affidavit of the appellee, heretofore set out, shows, among other things, that she was a resident of Louisville, Kentucky, and was here on a visit when the appellant caused a summons to be served on her to appear before said justice, Isaac H. Carbaugh, to answer the complaint of said appellant; that at the hour set for trial she went to the office in answer to said summons, and asked what she was sued for, and said to said justice that she had come in obedience to the summons; that she wanted to get back as soon as possible to her sick baby; when said justice said to her, "Mrs. Kreite has been here and paid off the costs and dropped it, and you need not stay at all; go home to your baby;" that she believed said suit was dismissed, returned home, and never knew that a judgment had been rendered against her until the 2d day of November, 1889, when she learned it for the first time by the sheriff coming with an execution; that she never was indebted to appellant in any manner, etc.; that every allegation in the complaint in said cause upon which said judgment was rendered was untrue, and that had she known sooner that said judgment had been rendered against her she would have appealed within the time allowed by law.

We are constrained to say, under the affidavit of the appellee, a strong case was made in favor of granting the appeal. It certainly came within the meaning of the statute that she had been prevented from taking the appeal by circumstances not under her control. We are unable to conceive of any stronger reason that could be assigned than the statement of the court, when the appellee appeared at the hour set for trial, that the costs had been paid, the case dropped, and that she need not stay at all, but to go home to her baby, that would bring the case within section 1503, supra.

It was surely not negligence in the appellee to rely upon the statement of the justice, and believe the case had been dismissed, and especially so when she appeared at his office

at the hour the case was set for trial, and was told by him that the costs had been paid and the case dropped; that she need not stay at all, but could go home to her baby. The facts clearly entitled the appellee to an appeal under section 1503, *supra*, and there are other facts that appear in the record that sustain this conclusion. After the appearance of the appellee at the office of the justice, it is shown by the docket at the hour set for trial that a default was entered against her, and that after default the appellant filed an amended complaint, and after the rendition of the judgment appellant's attorney endorsed thereon that no execution was to be issued thereon unless ordered by the plaintiff. The judgment remained in this condition for over nine years without action thereon, when steps were taken toward filing a transcript in the clerk's office of the Dearborn Circuit Court, all of which strongly tends to show that the appellee relied upon and believed the statement of the justice, and was ignorant of the fact that a judgment had been rendered against her, and only ascertained that fact when the sheriff served the execution issued upon the transcript of the judgment filed in the clerk's office of the circuit court.

There is no error in the record for which the case should be reversed.

The judgment is affirmed, at appellant's costs.

Filed Nov. 12, 1891.