## Logansport Credit Exchange *v.* Sands.

[No. 7,679.    Filed June 7, 1910.]

Appeal.—*Final Judgment.—Overruling.—Motion to Dismiss Appeal from Justice of the Peace.*—The overruling of a motion to dismiss an appeal taken from a justice of the peace is not appealable, the practice being to reserve an exception to such ruling, and, if the person taking such appeal recovers, presenting such ruling on appeal from the judgment of the circuit court on the merits, and if the motion to dismiss is sustained and the appeal dismissed, an appeal lies therefrom.

From Cass Circuit Court; *John S. Lairy,* Judge.

Appeal from an order authorizing Robert M. Sands to appeal from a judgment of a justice of the peace against him in favor of the Logansport Credit Exchange. *Appeal dismissed.*

*George A. Gamble, Oscar B. Conant* and *John B. Smith,* for appellant.

*Frank V. Guthrie,* for appellee.

Hadley, J.—Appellee made an application to the Cass Circuit Court, under §1794 Burns 1908, §1503 R. S. 1881, for an order authorizing him to appeal from a judgment of a justice of the peace of said county rendered against him in favor of appellant. The application was heard, and an order made by the circuit court authorizing appellee to take such an appeal. Appellant made a motion to dismiss the application, which was overruled and exceptions taken, and also objected to the order entered by said circuit court granting such an appeal. This appeal is taken from said judgment on said application. Appellee moves to dismiss the appeal, on the ground that such judgment is not appealable.

Section 1794, *supra,* is as follows: "Appeals may be authorized by the circuit court after the expiration of thirty days, when the party seeking the appeal has been prevented from taking the same by circumstances not under his control."

Practice under this section is not well defined by the statute itself, and it appears that the proceeding is in its nature informal. The precise question here presented has not been considered by our Supreme Court, but a well-defined practice has been recognized. That is, in the case like this, the judgment plaintiff in the justice's court should make a motion to dismiss the appeal when it is perfected in the circuit court on the ground of defect in the proceedings authorizing the appeal. If his motion to dismiss is over-ruled, he should take his exception, and if the final judgment is against him, he can appeal from such final judgment to this court and assign as error the ruling on his motion to dismiss. On the other hand, if his motion to dismiss the appeal is sustained in the circuit court and the cause dismissed, the losing party can appeal from the judgment of dismissal and have the action of the lower court reviewed by this court. This practice, while not specifically authorized, is recognized in the cases of *Sample* v. *Gilbert* (1874), 46 Ind. 444, *Thomas* v. *Littlefield* (1849), 1 Ind. *361, and *Tucker* v. *Makepeace* (1860), 14 Ind. 186, and is in harmony with the rule that appeals shall not be taken in piecemeal.

This appeal, therefore, is prematurely taken, and the cause is dismissed.