## BERTCH· v. MUND.

[No. 22,964. Filed December 7, 1915. Rehearing denied February 4, 1916.]

1. JUSTICES OF THE PEACE.—*Appeal.*—*Motion to . Dismiss.*— *Grounds.*—Motion to dismiss an appeal from a justice of the peace, taken under §1794 Burns 1914, §1503 R. S. 1881, authorizing appeals after thirty days, need not be confined to the alleged insufficiency of facts stated in the application for leave to appeal, but may be based upon any valid ground. (*Logansport Credit Exchange'* v. *Sands* [1913], 54 Ind. App. 562, distinguished.) p. 394.

2. APPEAL.—*Review.*—*Presumptions.*—It will be presumed that the sustaining of a motion to dismiss an appeal from a justice of the peace was based upon a valid reason, in the absence of any showing to the contrary. p. 395.

3. APPEAL.—*Bill of Exceptions.*—*Dismissal of Appeal from Justice.*— The reasons for the action of the trial court in dismissing an appeal from a justice of the peace may be ·properly presented by a 'bill of exceptions, showing the reasons advanced in the trial court together with all evidence received in support thereof. p. 395.

4. APPEAL.—*Rulings on Oral Motions.*—*Transcript.*—*Requisites.*— While §663 Burns 1914, Acts 1903 p. 338, provides that every oral motion and the ruling of the court thereon shall be entered upon the minutes of the court and become a part of the record without a bill of exceptions, the requirement that the transcript on appeal must affirmatively show the existence of reversible error is not thereby obviated. p. 395. ·

From Elkhart Superior Court; *William E. Wider,* Judge *Pro Tem.*

Action between Sarah Bertch and Theodore Mund. From an order dismissing the appeal of Sarah Bertch from a justice of the peace, this appeal is prosecuted. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*C. C. Raymer,* for appellant.
*James S. Dodge,* for appellee.

LAIRY, J.—On September 16, 1913, appellant filed in the office of the clerk of the superior court ·of Elkhart County a verified petition for leave to appeal

from a judgment which had been secured against her by appellee before a justice of the peace in that county. The petition was filed under and pursuant to the provisions of §1794 Burns 1914, §1503 R. S. 1881, which provides that the circuit court may authorize appeals from justices' courts after the expiration of thirty days, when the party seeking the appeal has been prevented from taking the same by circumstances not under his control. Appellant's petition was granted, but later, upon motion of appellee, the appeal was dismissed. It is the action of the trial court in granting appellee's motion to dismiss the appeal from the justice of the peace that is assigned as error in this court. The motion to dismiss was an oral motion. No bill of exceptions was prepared by appellant and the grounds upon which such motion was based do not appear. Re-

1. lying upon the case of *Logansport Credit Exchange* v. *Sands* (1913), 54 Ind. App. 562, 101 N. E. 19, appellant asserts that the only question that could have been raised upon the motion to dismiss was whether the verified application for leave to appeal stated facts sufficient to meet the requirements of the statute, and that, therefore, the presumption that the trial court dismissed the appeal upon some valid ground which is not disclosed by the record does not obtain. The decision relied on does not sustain appellant's position. An attempt was made in that case to file affidavits counter to the showing made by the verified application. In holding that the statute did not contemplate the filing of counter affidavits in such a proceeding, the court, it is true, used language to the effect that when the showing is questioned the recognized practice is to file a motion to dismiss and that the motion goes only to the sufficiency of the showing made by the party seeking the appeal. This lan-

guage was evidently intended to apply where the motion to dismiss is based on the ground that the facts shown by the application are insufficient to warrant an order granting the appeal, but there is no intimation that a motion to dismiss the appeal may not be made and properly sustained upon some other ground. Nothing appears from the transcript showing that the sufficiency of the application for leave to appeal was questioned below. The motion to dismiss may have been made upon any ground which is ordinarily stated as a basis for a motion to dismiss and if the motion in this case should have been sustained for any valid reason presented to the trial court, it is presumed, in the absence of any showing to the contrary, that the court was governed by such a reason in making the ruling complained of. *Inhabitants, etc.* v. *Clark* (1848), 1 Ind. 139; *Ross* v. *Misner* (1834), 3 Blackf. 362. The reasons for the court's action in dismissing the appeal could have been properly presented by a bill of exceptions, showing the reasons advanced in the trial court together with all evidence received in support thereof. *Carr* v. *Thomas* (1870), 34 Ind. 292; *Town of Fredericksburg* v. *Wilcoxen* (1902), 158 Ind. 359, 63 N. E. 566.

It is appellant's contention that §663 Burns 1914, Acts 1903 p. 338, makes the motion to dismiss and the action of the court thereon a part of the record without a bill of exceptions. While this section of the statute does provide that every oral motion and the ruling of the court thereon shall be entered upon the minutes of the court and become a part of the record without any bill of exceptions, it does not obviate the necessity of bringing a transcript to this court that affirmatively shows the existence of reversible error.

This transcript shows only that an oral motion to dismiss was made and that it was sustained by the court. The mere showing of a probability that the court erred is not sufficient, and the judgment of the trial court must stand until it is affirmatively shown to be erroneous. Judgment affirmed.

NOTE.—Reported in 110 N. E. 548. See, also, under (1) 24 Cyc 712; (2) 24 Cyc 760; (3) 4 C. J. 169; 2 Cyc 1073; (4) 4 C. J. 125; 2 Cyc Anno. 1061.