Cook *v.* Ernsberger et al.

[No. 16,178. Filed October 16, 1939. Rehearing denied February 15, 1940. Transfer denied April 1, 1940.]

*Seth E. Rowdabaugh,* for appellant.

*Brubaker & Rockhill,* for appellees.

LAYMON, J.—Appellant sought an appeal to the Circuit Court of Kosciusko County from a judgment rendered against him in a justice of the peace court within that county. Thirty days having elapsed since the rendition of the judgment in the justice of the peace court, appellant attempted to invoke the provision of the statute (§5-1006 Burns 1933, §1936 Baldwin's 1934), which provides that "Appeals may be authorized by the circuit court after the expiration of thirty (30) days when the party seeking the appeal has been prevented from taking the same by circumstances not

under his control'' by filing a verified application alleging, in part, that no summons of the proceedings before the justice of the peace was served upon him at any time and that he had no notice of any kind that an action was pending against him in said justice's court. Upon the filing of this application the circuit court authorized the appeal, following which a transcript of the record from the justice of the peace court, together with all of the papers, was filed in the circuit court. Subsequent to the filing of the transcript from the justice's court, appellee appeared and filed a written motion to dismiss the appeal. This motion was sustained, the appeal dismissed, exception reserved, and the appeal to this court followed.

Appellant has assigned as error the action of the trial court in dismissing the appeal from the justice of the peace court to the circuit court.

It is contended by appellant that the facts set out in his application for leave to appeal ''described a situation which prevented appellant, during the first thirty days from taking his appeal from the justice court, because of circumstances not under his control,'' and that in considering a motion to dismiss the appeal, the court will not receive counter-showing or proof as to the facts set up in the application for leave to appeal.

While affidavits which seek to controvert the statements in the application as to the reasons why the appeal was not taken within the thirty-day period are not contemplated by the statute involved, our courts have sanctioned as the recognized practice in questioning the showing made by the application the filing of a motion to dismiss the application, or, if the appeal has been granted, then the filing of a motion to dismiss the appeal. *Logansport*

*Credit Exchange* v. *Sands* (1913), 54 Ind. App. 562, 101 N. E. 19.

If the appeal has been granted, a motion to dismiss the appeal may not only question the sufficiency ·of the showing made by the application, but may present any other valid ground for dismissing the appeal. *Bertch* v. *Mund* (1916), 184 Ind. 393, 110 N. E. 548.

It must be conceded that the transcript and papers from the justice's court, upon their filing in the circuit court, became a part of the record of the proceedings pending in the circuit court, and in disposing of the motion to dismiss, the court could properly have considered the record before it. From the justice's record it affirmatively appears that process of service was had upon appellant by reading the summons to him and leaving him a true copy.

There are instances when it may reasonably be contended that the party has been prevented from taking the appeal by circumstances not under his control, where it clearly appears that he did not know that the suit had been brought or the judgment rendered within the time for taking an appeal.

In the case before us the transcript to this court discloses that the trial court, in disposing of the motion to dismiss the appeal, was furnished with no proof, except the pleadings of the parties and the record and papers from the justice of the peace court. The record of the justice entirely refuted the assertions of appellant set out in his application as an excuse for not appealing within the thirty-day period, and, in the absence of any proof to the contrary, was sufficient to sustain the conclusion reached by the trial court.

Judgment affirmed.