KRIMENDAHL EX REL. DELAWARE TWP., ET AL. *v.* COMMON COUNCIL, CITY OF NOBLESVILLE.

[No. 1068A175. Filed December 11, 1969.]

*Arthur H. Gemmer, Gemmer & Frosch,* of counsel, of Indianapolis, for appellants.

*Christian, Waltz, White & Klotz,* of Noblesville, *Chalmer Schlosser, Albert W. Ewbank,* of Indianapolis, for appellees.

HOFFMAN, J.—This appeal arose from the entry of summary judgment in favor of the defendant-appellees.

The facts relevant to our consideration are as follows:

Appellee-Carl David Gatewood and his wife were, at the time of the commencement of this action, the owners of certain real estate located in Delaware Township, Hamilton County, Indiana. Sometime in 1960 or 1961 Mr. Gatewood began development of a private airport on his property. On October 10, 1960, the Noblesville City Council passed an ordinance which incorporated Delaware Township into a unified zoning district with Noblesville. The zoning classification for the Gatewood property was "RS" (Rural Suburban Residence District). It is disputed as to which came first, the airport or the zoning classification. This dispute was the subject of other litigation, the result of which this court has no knowledge.

It appears from the record that a petition was pending before the City Council of Noblesville to add a use designated "MA" (Municipal Airport District) as a special use in the zoning ordinance.

On October 25, 1965, at the regular meeting of the Noblesville Plan Commission, appellee-Indianapolis Airport Authority, filed a petition to amend the Master Zoning Plan, specifically to change the "RS" classification on the Gatewood property to "MA." A consent to the petition signed by the Gatewoods was attached to the petition. The petition alleged that appellee-Indianapolis Airport Authority had entered into a contract to purchase the Gatewood property "conditioned upon the establishment of appropriate zoning as a municipal airport."

Remonstrators, including appellants herein, appeared to contest the petition. Notice had been duly given. The vote on the petition was six in favor, and five against. The chairman ruled that the petition failed for lack of two-thirds majority. This ruling was questioned.

Thereafter, the Secretary of the Planning Commission referred the matter to the City Council. His letter explained the vote and the ruling and suggested that the matter was of such importance that the Council should take some action.

On October 25, 1965, at the regular meeting of the Noblesville City Council, Ordinance No. 834 was introduced. It contained the requested amendment of the Gatewood property from "RS" to "MA." Discussion was had and the vote was called. Four voted in favor, and one against, and the ordinance was declared adopted.

On November 26, 1965, appellants filed their complaint. The Hamilton Circuit Court thereupon issued a temporary restraining order, without notice.

Appellants' original complaint was filed in three paragraphs. The first paragraph alleged 1) that the Common Council of the City of Noblesville had exceeded its statutory authority in purporting to pass Ordinance No. 834; 2) that Ordinance No. 834 is void and unconstitutional because it was allegedly passed in violation of procedural due process; and 3) that to the extent Acts 1947, ch. 174, Burns Ind. Stat.,

Anno., § 53-701, *et seq.*, purports to authorize the Common Council of the City of Noblesville to pass an ordinance without notice of public hearing, said Act is unconstitutional and void.

The appellants then prayed for the following relief based on the above allegations:

1. That an *ex parte* restraining order be issued restraining the Common Council from allowing the alleged void Ordinance No. 834 from taking effect.
2. That an *ex parte* restraining order be issued against the Building Commissioner restraining him from issuing building permits for use within the Municipal Airport category.
3. That an *ex parte* restraining order be issued against the Gatewoods, restraining them from predicating the use of their property on the Municipal Airport category, or from dealing in reliance thereon with the Indianapolis Airport Authority.
4. That an *ex parte* restraining order be issued against the Indianapolis Airport Authority restraining them from dealing with the Gatewoods in reliance on the Municipal Airport category.
5. That a hearing be set on appellants' application for temporary injunction.
6. That upon final hearing the court issue a permanent injunction against the Common Council requiring them to expunge Ordinance No. 834 from the record.

The second paragraph of complaint alleged that the Ordinance No. 834 was passed in violation of procedural due process and prayed as follows:

"WHEREFORE, plaintiffs and each of them pray that said City Ordinance No. 834 of the City of Noblesville, Indiana, be declared unconstitutional and void in its entirety."

The third paragraph of complaint alleged that Acts 1947, ch. 174, were in derogation of Art. 1, § 26, and Art. 4, § 1, of the Constitution of the State of Indiana in that the Act attempts to delegate legislative power without valid standards,

and further that the Act sets up a procedure which is in violation of procedural due process. Based on the allegations of the third paragraph of complaint, appellants prayed as follows:

"WHEREFORE, plaintiffs and each of them pray that said Sections of said Acts 1947, Chapter 174, be declared unconstitutional and void."

On December 23, 1965, appellees filed their motion for summary judgment and a motion to set aside the restraining order.

Essentially, appellees' motion denied the existence of any material factual variance and alleged compliance with the statute.

On December 27, 1965, appellants filed their fourth paragraph of complaint and a request for a supplemental restraining order. The fourth paragraph sought to restrain the Noblesville City Council from removing Delaware Township from the joinder for zoning purposes accomplished by the ordinance of October 10, 1960.

The supplemental restraining order was issued by the court on December 27, 1965.

On January 5, 1966, appellants filed their motion for summary judgment.

On January 7, 1966, hearing was held on appellees' motion for summary judgment.

Following arguments of counsel, the trial court orally found in favor of the defendants on their motion for summary judgment and, thereafter, the court entered its written judgment which, in pertinent part, is as follows:

"Come now the parties by counsel and this cause having been set for trial to commence this date upon the consolidated motion of the defendants for summary judgment under and as provided in Chapter 90, Section (b) and (c) of the 1965 Acts of the Legislature, and to set aside restraining order and Paragraphs I, II and III of plaintiffs' complaint.

"And evidence is heard and concluded, argument of counsel held and the Court being duly and fully advised in the premises finds that there is no genuine issue as to any material fact herein, and that the Common Council of the City of Noblesville, Indiana, properly followed the statutory procedure in the passage of Ordinance No. 834. And the Court further finds for the defendants on defendants' motion for summary judgment and against the plaintiffs on Paragraphs I, II, and III of plaintiffs' complaint; and the Court finds that as a matter of law defendants are entitled to judgment and the restraining order heretofore issued 26 November 1965 should be set aside, vacated and dissolved.

"It is, therefore, considered, adjudged and decreed that there is no genuine issue as to any material fact herein and that the Common Council of the City of Noblesville, Indiana, properly followed the statutory procedure in the passage of Ordinance No. 834. It is further considered, ordered, adjudged and decreed that as a matter of law defendants are entitled to judgment and that plaintiffs are not entitled to relief prayed for in Paragraphs I, II and III of the plaintiff's complaint and that a judgment is entered in favor of all defendants thereon and against the plaintiffs herein, and the restraining order heretofore issued 26 November 1965 is set aside, vacated and dissolved. Costs taxed to the plaintiffs."

On January 21, 1966, appellants filed their motion for a new trial alleging the following errors: 1) the decision of the court is contrary to law; 2) the decision of the court is not sustained by sufficient evidence; 3) the court erred in sustaining defendants' motion for summary judgment; 4) the court erred in refusing to consider or sustain plaintiffs' motion for summary judgment; and 5) the court erred in dissolving the restraining order against defendants and in refusing to issue a temporary injunction against defendants.

On January 21, 1966, the trial court overruled the motion for a new trial.

On January 24, 1966, appellants filed a petition for the trial court to accept and approve an appeal bond.

On January 24, 1966, the trial court approved the bond.

On January 28, 1966, after some deliberation, the trial court denied the application for order of stay.

On February 7, 1966, this appeal was filed in the Supreme Court. On June 19, 1968, appellees filed answer brief. On October 22, 1968, the Supreme Court entered an order transferring this appeal to the Appellate Court. On December 12, 1968, the Supreme Court denied appellants' petition to reconsider order transferring this cause to the Appellate Court.

A careful examination of all papers and pleadings filed herein, together with the various briefs, has been made and the only questions raised in this appeal are as follows: 1) the validity of an ordinance of the City of Noblesville; 2) the constitutionality of ch. 174, Acts of 1947 of the General Assembly; and 3) the alleged violation of due process as guaranteed by the Constitution of Indiana and the Constitution of the United States.

Acts 1901, ch. 247, § 9, p. 565, as last amended by Acts 1963, ch. 279, § 1, p. 424, Burns Ind. Stat., Anno., § 4-214, provides, in part, as follows:

> "Hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court of Indiana, as follows:
>
> "First. All cases in which there is in question, and such question is duly presented, either the validity of a franchise or the validity of an ordinance of a municipal corporation, or the constitutionality of a statute, state or federal, or the rights guaranteed by the state or federal constitution."

Since the only questions raised in this appeal are those which the above statute makes directly appealable to the Supreme Court of Indiana, this appeal should be dismissed.

Appeal dismissed.

Pfaff, C.J. and Sharp, J. concur.

White, J. concurs with opinion.

## CONCURRING OPINION

WHITE, J.—The Supreme Court's stated reason for transfer to this court is:

"And now it appears to the Court that the appellant has failed to state the jurisdiction of the Supreme Court on this appeal as provided under Rule 2-17 of this court; and it further appears that this cause should be transferred to the Appellate Court of Indiana under Burns Ind. Stat. § 4-214."

In *Logansport Credit Exch.* v. *Sands,* 54 Ind. App. 562, 565, 101 N. E. 19 (1913), it was said:

"This court has no jurisdiction to determine constitutional questions, and the appeal was originally taken to the Supreme Court, under § 1392 Burns 1908, Acts 1907 p. 237, on the evident theory that the record presented a question as to the constitutionality of a statute. The Supreme Court ordered the cause transferred to this court, which is in effect a holding that no constitutional question is presented. This must now be regarded as the law of the case, and in its nature *res adjudicata* as to the question of jurisdiction. *Pittsburgh, etc., R. Co.* v. *Peck* (1909), 172 Ind. 562, 569, 88 N. E. 939."

The transfer order's reference to appellant's failure to state in his brief the jurisdiction of the Supreme Court as required by Rule 1-17 (b)[1] implies that the jurisdictional statement is an indispensable step in the presentation to the Supreme Court of any question within the direct appeal jurisdiction of that court as set forth in Burns Ind. Stat. Ann. § 4-214. Which is to say, that no question is presented to the Supreme Court for determination on a direct appeal to that court (except in criminal cases) when the appellant's brief fails to contain a jurisdictional statement in strict compliance with subsection (b) of Rule 2-17, showing direct appeal jurisdiction pursuant to said statute.

I agree with the majority opinion to the extent that the only questions which appellant has *attempted* to raise are

---

1. "The brief of the appellant shall contain short and clear statements disclosing:
(a)   The nature of the action.
(b)   Jurisdiction to be stated. When a direct appeal (other than in criminal actions) is taken to the Supreme Court, the appellant in his brief under a heading 'Jurisdiction of the Supreme Court,' immediately following the section entitled 'Nature of the Action,' shall state his reasons briefly why, in his opinion, the Supreme Court has jurisdiction of the direct appeal to that Court. . . . "

those which Burns Ind. Stat. Ann. § 4-214 makes directly appealable to the Supreme Court of Indiana.[2] Since appellant makes no attempt to present any question we have jurisdiction to decide, we can do nothing but dismiss. To affirm would be to answer all three of the questions stated in the majority opinion contrary to appellants' contention and to reverse would be to anwser at least one of those questions in appellants' favor.

NOTE.—Reported in 253 N. E. 2d 281.

2. In view of my interpretation of the Supreme Court's transfer order, I cannot agree that these questions have actually been "raised" or "duly presented."